### JOHN WILLIAMS v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—745.]

**Instructions in a Criminal Case.**

> In the trial of a criminal case the whole law applicable to it must be given to the jury by the court, although it may not be asked; but the trial court should refuse to give any instruction not applicable to the facts disclosed by the evidence.

APPEAL FROM BOURBON CIRCUIT COURT.

April 17, 1886.

OPINION BY JUDGE HOLT:

The appellant, John Williams, stands convicted of the murder of Henry Skillman in the fall of 1884. Several grounds are urged for a reversal; and we shall only notice those upon which the counsel for the accused seemed mostly to rely, as a careful examination of the record shows that none have been overlooked.

In a criminal case the whole law applicable to it must be given to the jury, although it may not be asked. It is said that this was not done in this instance, as they were not told that if the death was the result of sickness or disease instead of the wound inflicted by the appellant, then they should acquit. Such an instruction would, however, have been abstract, as there is no testimony whatever even tending to show that the loss of life did not arise from the injury inflicted by the appellant.

One of the grounds upon which a new trial was asked was newly discovered testimony. If the ruling of the lower court upon this question was subject to exception, yet it does not appear that the evidence could not by the exercise of even slight diligence have been obtained. The trial did not take place until about a year after the killing and indictment of the appellant; moreover the statements of the two newly discovered witnesses as shown by their affidavits are not only quite conflicting with each other but are wholly inconsistent with the ground of defense stated by the appellant in his affidavit for a continuance filed at a previous term of the court.

The instructions given to the jury were fully as favorable to him as he had a right to expect or require. The one mainly objected to reads thus: "The court instructs the jury that a wilful killing is an intentional and not an accidental killing, and that by the phrase 'malice aforethought' as used in these instructions is meant a predetermination to do the act complained of without lawful excuse; and it is not material how recently or suddenly before the act such predetermination is formed." This instruction merely explains the import of the word, "aforethought" as connected with malice. *Rankin v. Commonwealth,* 13 Ky. Opin. 585.

The testimony did not present a state of case requiring instruction A asked by the appellant. It stated hypothetically a request by him of the deceased to leave the room of the former; and then defined the right of the accused and the force he was authorized to use, if the jury believed that the slain man declined to go. There was no evidence upon which to base it, and the instructions given presented the whole law of the case. It is our duty to declare the law. Mercy is beyond our province. If the appellant be entitled to any,

he must look to the power which is by law clothed with the right to grant it.

Judgment *affirmed.*

*Chas. H. Hanson, for appellant.*

*C. H. Bronston, for appellee.*

