## McCreary v. Commonwealth.

(Decided February 26, 1915.)

Appeal from Barren Circuit Court.

1. Criminal Law—Carnal Knowledge of Female Under Sixteen Years of Age—Trial.—Upon the trial of one indicted for having carnal information of a female, under sixteen years of age, where the indictment contains but one charge, the attorney for the Commonwealth can not be required before the trial commences, to elect and designate a particular act of such sexual intercourse upon which he will rely for conviction, and as being the particular one charged in the indictment, though he may do so.

2. Criminal Law—Carnal Knowledge of Female Under Sixteen Years of Age.—If upon the trial of one accused of unlawful carnal knowledge of a female, under sixteen years of age, and the prosecution is able to produce evidence conducing to prove several acts of sexual intercourse, between the accused and the female, and the prosecutor fails to make an election of which particular act he will rely upon for conviction, the law will elect for him the first act about which evidence is introduced for the purpose of conviction.

3. Criminal Law—Carnal Knowledge of Female Under Sixteen Years of Age.—Upon the trial of one accused of unlawful carnal knowledge of a female, under sixteen years of age, acts of sexual intercourse between the accused and the female, both previous to and subsequent to the act elected to be relied upon for conviction, may be proven in corroboration and explanation of the principal offense, but the court should by its instructions confine the jury to a con-

viction or acquittal of the accused of the act upon which the prosecutor or the law has elected to rely for conviction, and should admonish it that the previous and subsequent acts of sexual intercourse given in evidence, can only be considered as corroborative evidence of the testimony tending to prove the principal offense, and for no other purpose.

4. Criminal Law—Carnal Knowledge of Female Under Sixteen Years of Age.—Where one indicted for unlawful carnal knowledge of a female, under sixteen years of age, is tried and convicted, and upon the' trial the prosecutor elects to rely for conviction upon a particular act of carnal information, or upon the failure of the prosecutor to elect, and the court elects for him a particular act, and upon his own motion the accused is granted a new trial, and the verdict and judgment of conviction are set aside, the parties are placed in the same position as if no trial had ever been had, and the prosecutor may elect to rely for conviction, upon another trial, upon an act embraced within the indictment, other than the one relied upon at the first trial.

5. Criminal Law—Carnal Knowledge of Female Under Sixteen Years of Age—Trial—Continuance.—Where one has been tried and convicted of unlawful carnal information of a female under sixteen years of age, and upon the trial a particular act of sexual intercourse is relied upon for conviction, and the accused is granted a new trial, when the indictment is again called for trial, the accused has a right to expect that the prosecution will rely for conviction upon the act for which he was convicted upon the former trial, and if the prosecution proposes to elect to rely upon another act of unlawful intercourse, it should make an announcement of same before the accused is called upon to answer, so if he is taken by surprise by reason of such election, and can manifest same to the court, the court may grant him a continuance. If the announcement of change of election is not made until after the jury is empanelled, upon showing that he was taken by surprise, the court should give him a postponement of the trial, and an opportunity to prepare his defense.

6. Criminal Law — Accomplices — Carnal Knowledge — Incest. — A daughter of tender years is not an accomplice of her father, who is indicted for incest with her; neither is an orphan girl an accomplice of one who stands in 'a position of in loco parentis to her, and who is indicted for unlawful carnal information of her.

7. Criminal Law—Carnal Knowledge of Female Under Sixteen Years of Age.—Each particular act of sexual intercourse with a female under sixteen years of age, is a separate offense, and upon the trial of one accused of such an offense, the election of a particular act upon which the prosecutor will rely for conviction, does not have the effect of a nolle prosequi, as to the offenses proven in corroboration of the offense relied upon for conviction.

SIMS, RODES & SIMS and W. L. PORTER for appellant.

JAMES GARNETT, Attorney General, and CHARLES H. MORRIS, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Hurt—Affirming.

The appellant, Dr. J. C. McCreary, who was a physician residing at Cave City, in Barren County, Kentucky, and a man about fifty years of age, was indicted at the July term, 1913, of the Barren Circuit Court, and charged with the offense of carnally knowing a female under the age of sixteen years, which is denounced by the provisions of Section 1155 of the Kentucky Statutes. This statute is as follows:

"Whoever shall unlawfully carnally know a female under the age of sixteen years, or an idiot, shall be confined in the penitentiary not less than ten nor more than twenty years."

The indictment preferred against appellant is as follows:

"The Grand Jury of Barren County, in the name and by the authority of the Commonwealth of Kentucky, accuse J. C. McCreary of the crime of carnally knowing a female under the age of sixteen years, which was committed as follows, to-wit: Heretofore, to-wit: on the ............................. day of ................................................, 1912, and in the County and Commonwealth aforesaid, the said J. C. McCreary did then and there unlawfully and feloniously carnally know Mattie Dankhoff, a female under the age of sixteen years, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky.

"Frank E. Daugherty,
"Commonwealth's Attorney."

At the November term, 1913, of the Barren Circuit Court, the appellant was tried upon this indictment, and the trial resulted in his conviction, and the court in accordance with the verdict of the jury, sentenced him to confinement in the penitentiary for a period of ten years.

It will be observed that the indictment charges the commission of the crime on the .......... day of ............................. ................................., 1912. Upon this trial the prosecuting witness, Mattie Dankhoff, gave testimony conducing to show that the appellant first had sexual intercourse with her in December, 1909, or January, 1910, and this time was particularly designated as being the time when the appellant inserted some kind of a steel instrument into her person, and then immediately afterwards had sexual intercourse with her. She, also, gave evidence that the appellant after that time had sexual intercourse with her

whenever he had an opportunity, and from two to three times a week, until the latter part of June, or first of July, 1913, when she gave information to a neighbor woman of the alleged facts above stated, and within a day or two after, by the advice of neighbors, and through their offices, she left the house of the appellant, where she had been residing since about the first of September, 1909.

Upon this trial the Commonwealth's attorney, neither before the trial commenced, nor at any time during the progress of the trial, made any formal election of the particular act of sexual intercourse, which was had with the girl by the appellant, as the occurrence upon which he would rely for conviction, and as being the one charged in the indictment.

The trial court, however, gave instructions directing the jury to find appellant guilty of the first act of sexual intercourse with the witness, if it should believe him to be guilty of that charge to the exclusion of a reasonable doubt, and confined the jury in its finding to that particular act. The court, also, admonished the jury that it could consider the proof of other acts of sexual intercourse given in the evidence, and subsequent to the first one, only for the purpose of corroborating the evidence conducing to show the appellant guilty of the first act, if it did tend to corroborate and for no other purpose. In this, the trial court seems to have been correct, as upon a trial upon a charge of this kind, and under an indictment such as in this case, and where different acts of sexual intercourse between the defendant and the complaining witness are in evidence, and the attorney for the Commonwealth fails to formally make an election, as to which one of the acts he will rely upon for conviction, the law will make an election for him, and will elect the act about which substantive proof is first introduced for the purpose of a conviction.

After the verdict of the jury, the appellant filed grounds and entered a motion for a new trial, which being overruled, he appealed to this court.

Because of matters, which are not necessary to be stated in this opinion, this court adjudged that the verdict of the jury, and judgment of the court appealed from be reversed, and that a new trial be given the appellant upon the charge made in the indictment. The former opinion of this court will be found in 158 Ky., 612.

Upon a return of the case to the court below, the indictment was again called for trial at the November term, 1914, of the Barren Circuit Court, and after the jury had been impanelled, and before the introduction of any evidence, the attorney for the Commonwealth announced that he had elected to prosecute the defendant upon the charge contained in the indictment, and alleged that the act of sexual intercourse had with the witness, Mattie Dankhoff, by the appellant upon which he would rely for conviction, was committed on the ........................ day of December, 1911. The appellant by counsel objected to this election, and alleged as grounds for the objection, that on the first trial of this case, in November, 1913, that the Commonwealth's attorney elected to try the defendant for the act of sexual intercourse had with the witness, Mattie Dankhoff, in the latter part of December, 1909, or first of January, 1910, the first act of sexual intercourse had with her by the appellant. This objection was overruled, to which the appellant at the time excepted. The trial then proceeded, and in offering the evidence for the prosecution, proof was first introduced of an alleged act of sexual intercourse had with the witness, Dankhoff, by appellant, in December, 1911. Evidence was further introduced conducing to show that the appellant had been guilty of various acts of sexual intercourse with the witness prior to that time, extending back for a period of about two years, and also subsequent to December, 1911, and up to about July, 1913. The witness, Dankhoff, was permitted to state, over the objection of the appellant, that in the month of June, 1913, when she went upon a visit to her brother and sister at Bagdad, Ky., that the appellant pretended to his wife that he had been called to Bowling Green, Ky., to visit a patient, and left Cave City in the evening, and went by train to Bowling Green, where he directly took a train for Louisville, passing through Cave City late in the night, and that on the next morning, when she arrived in Louisville, on her way to Bagdad, the appellant met her upon her alighting from the train, and after taking her to a moving picture show, and to a restaurant, carried her to a hotel, where he had sexual intercourse with her.

The appellant moved the court to exclude the evidence in regard to this occurrence from the consideration of the jury, which motion was overruled and the appellant excepted.

It also developed in the proof that at the time of the alleged act of sexual intercourse had in the hotel at Louisville, that Mattie Dankhoff was then over the age of sixteen years.

The court by its instructions, confined the jury to a consideration of the guilt of the appellant of the alleged act of sexual intercourse with the witness, at the time elected by the prosecution to be relied upon, on the .............. day of December, 1911, and admonished the jury that they were only permitted to consider the proof of other acts of sexual intercourse had by appellant with the girl, for the purpose of corroborating the evidence introduced to prove the guilt of the appellant of the act upon the .............. day of December, 1911, if it did tend to corroborate such proof, and for no other purpose.

Other objections were made by counsel for the appellant to evidence introduced upon the trial, which will be noticed further in the opinion.

The result of this trial was the conviction of the appellant by the jury, and his punishment being fixed at an indeterminate sentence of confinement in the penitentiary of not less than ten years, nor more than twenty years. The appellant filed grounds for a new trial, which were overruled, and he again appeals to this court.

The first ground of reversal presented is the contention that the court erred in allowing the attorney for the Commonwealth to make election, as to the particular act to be relied upon for conviction of the appellant other than the one elected for him by the ruling of the court upon the first trial of the case. Counsel for appellant insists with considerable force of argument, that as the indictment contained but one offense, as provided in Section 126 of the Criminal Code, that the act upon which the State relied for conviction upon the first trial was the only offense embraced in the indictment, and that the election at that time had the effect of obliterating every other offense which might have been embraced in the indictment. It seems that the particular question, in a case of this kind, has never been passed upon by this court. In support of this contention counsel for appellant cited Ellis v. Commonwealth, 3 K. L. R., 251; Enc. Pleading & Practice, Vol. 10, 553, Section 7; State v. Hillburg, 22 Utah, 27; People v. Jenness, 5 Mich., 306; People v. Clark, 33 Mich., 112; Elam v. State, 26 Ala., 48.

A careful reading of these authorities, however, fails to convince us of the merit of the contention.

The indictment in the case of Ellis v. Commonwealth, *supra,* contained two offenses, which were improperly joined, and a demurrer being interposed to the indictment upon that account, the attorney for the Commonwealth to cure it, dismissed the charge as to one of the offenses, and the defendant being convicted upon the remaining charge, the court held properly that the effect of the dismissal of one of the charges was to obliterate it from that indictment, but that case does not seem to have any analogy to the case at bar.

The section of the Enc. of Pleading and Practice referred to, is a statement, that where one count of an indictment contains more than one substantive offense, or where several such offenses are charged in different counts, the election by the State to put the accused upon trial for one of them has been held to amount to a *nolle prosequi,* or an entire abandonment of the other charges, or to an acquittal.

If such is a statement of the law applying to such an indictment, where an election was made for the purpose of the trial, then being conducted, such a rule we have no doubt is correct, and if the trial should result in a conviction of the accused, and the conviction was finally sustained, or if it should result in an acquittal of the accused, without doubt, either would be the end of any such indictment.

The State v. Hillburg, 22 Utah, 27, *supra,* was based on an indictment for the violation of a statute of the state of Utah, prescribing a penalty for carnally knowing a girl between thirteen and eighteen years of age. On the trial, the prosecution was allowed to prove six different acts of carnal knowledge by the defendant of the girl, and the jury was not confined by the court by written or oral instructions to find the accused guilty or to acquit him upon any particular one of the acts proved. The Supreme Court of Utah held, that in that case the prosecution having made no election, it was confined to the act about which it first introduced evidence, and that fixed the crime for which the indictment was made, and that it could not be changed during the trial, and the failure of the trial court to have or to make an election left no particular case for the jury to try, because it would be impossible after the trial had terminated to know whether the jurors had all agreed upon the guilt of the accused of any particular act, or whether the

members of the panel gave in their verdict because of their belief of his guilt in different ones of the acts proved.

The principles enunciated in the above case seem to be perfectly sound, and if the case at bar presented any question of the kind determined in that case, those principles would have force and be'entitled to effect.

The case of People v. Jenness, 5 Mich., 305, *supra*, was where one was accused of the crime of incest, and the information contained one .count. The Supreme Court of Michigan held in that case that the court could not require the prosecutor to elect which of the different acts of incest by the accused before the indictment, that the prosecution would rely upon for conviction, because the indictment contained but one count; and if the prosecutor failed 'to elect, the law would elect for him the first act of incest upon which testimony was introduced for the purpose of convicting the accused, as being the particular case upon which he was to be tried. In that case the evidence showed the commission of several acts of incest by the accused with the same party before the finding of the indictment, and within the jurisdiction of the court, and the court ordered a reversal of the judgment of conviction in it, because the trial court had not confined the jury to passing upon one act of incest, but allowed it to find him guilty of any one or more of the acts heard in the evidence.

In the case of People v. Clark, 33 Mich., 112, *supra*, the information contained three counts, charging the accused with the crime of seduction in each count, and all committed upon the same day, and the doctrine announced by the court as applying to that case was the same as in the case of People v. Jenness, *supra*.

It seems that in the trial of the case at bar, below, that the rulings of the trial court were in absolute conformity to the principles enunciated in the three cases above mentioned.

The case of Elam v. State, 26 Ala., 48, *supra*, was an indictment against Elam for retailing liquor to one James McDowell on the 4th day of July, 1853. He was convicted and the Supreme Court of that State reversed the judgment. He was then tried and acquitted on another indictment upon which proof was made of his selling one-half gallon of liquor to McDowell on July 4th, 1853. Then, upon the calling of the indictment upon

which the reversal of his former conviction had been had, the State offered to put in evidence to sustain it, proof that the accused had sold one quart of whiskey to James McDowell in August, 1853. The court held that the State having first elected to try the accused upon the charge of selling liquor to McDowell on the 4th day of July, that it must be required to stand by its election. The court in its opinion does not give any reason for the conclusion at which it arrived, and the fact that the accused had been tried and acquitted of the same alleged act of the unlawful sale of liquor in another indictment, with which he was accused when first tried and convicted on the first indictment, was probably the ground upon which the court held that the prosecution ought not to be allowed to make another election.

Section 270, of the Criminal Code is as follows:

"The granting of a new trial places the parties in the same position as if no trial had been had; all the testimony must be produced anew, and the former verdict can not be used or referred to in evidence or in argument."

It is not disputed that upon the first trial had under an indictment for carnally knowing a female under the age of sixteen years, and where the prosecution is able to show several acts of the same kind between the same parties, before the indictment and within the jurisdiction of the court, the state may elect to rely for conviction upon either one of the acts of which it can make proof. Each act of carnally knowing a female under sixteen years of age is an entire and separate offense, and for the commission of which a distinct and separate indictment may be preferred and prosecuted. Upon the trial of the accused upon an indictment for that crime, and the prosecution elects to rely for conviction, and to try the accused for one of the various acts with which it might accuse him under such an indictment, does not *nolle prosequi* the other offenses of the kind of which he is guilty, because the one elected upon which to try him is the only one for which he is put in jeopardy, and his other similar acts may be proved upon the trial in explanation of and corroboration of the evidence offered to show his guilt of the particular act for which the prosecution has elected to try him. The offering in evidence of the various other acts of carnal information of the girl, in evidence, for the purpose of corroboration and explanation, is not a bar to the prosecution of the ac-

cused for these different independent offenses, nor does it amount to a *nolle prosequi*, for the reasons above stated. A *nolle prosequi* can only be entered for an offense with which the accused is formally charged in an indictment or information.

This court has held that where one, who was indicted for murder, and upon a trial of that indictment was convicted of manslaughter, and the judgment of conviction was reversed, and a new trial granted, that the accused is in the same position as if no trial had ever been had, and that his acquittal of murder upon the first trial by the jury, by failing to convict him of murder, and convicting him of manslaughter, is no bar to his prosecution again for murder. Commonwealth v. Arnold, 83 Ky., 1. In conformity with Section 270 of the Criminal Code, *supra,* and in construing same, this court has invariably held that where one has been tried and convicted, and obtained a reversal of the judgment, and a new trial, that the parties are in the same position in regard to the case as if no trial had ever been had. In other words, the further trial of the accused upon the indictment is a trial *de novo*. Wells v. Commonwealth, 9 R., 658; Harkins v. Commonwealth, 8 R., 419; 2 Duvall, 93; 9 Bush, 178; Fain v. Commonwealth, 109 Ky., 545; Ward v. Commonwealth, 128 S. W., 72.

Further following the principles stated, this court has often held that where a new trial has been granted, the first indictment may be dismissed and a new indictment found, and the prosecution proceed upon the new indictment.

If upon the first trial of this case it was within the power of the attorney for the Commonwealth to elect to prosecute under the indictment, the accused, for an offense denounced in the indictment, which was committed in December, 1911, and this power the prosecution certainly had, it must follow as a sequence, to the fact, that when the judgment of conviction had at that time was set aside and a new trial granted, and the parties put in the same position as if no trial had been had, the prosecution could upon the second trial of the indictment, make an election to prosecute the accused for an act of carnal information had by him with the prosecuting witness in December, 1911.

In the case of State v. Peak, 9 Kansas, 436, one of the questions for determination was, whether upon a

second trial of a criminal action, is the State bound by its election at the first trial as to what particular act of the accused it will rely upon for conviction. This was a case like the case of Elam v. State, *supra,* where the accusation was the illegal sale of liquor. The Kansas Supreme Court said:

"The election by the prosecutor as to which transaction he will rely upon for conviction upon a criminal charge is made for that trial only, and does not limit the State to that transaction at a subsequent trial."

The reason given by it was, that the second trial was a trial *de novo,* as well as the first.

The case of Richardson v. State, 63 Ind., 92, cited by counsel, is only decisive of the question, that upon the trial of an indictment where the state may elect as to which particular act of the accused he will be prosecuted for, that when the election is made, it cannot introduce evidence as to another distinct and separate offense, as where one assault and battery is charged, as in that case, and evidence has been introduced as to one assault and battery, the state cannot then introduce evidence as to another distinct and separate assault and battery, and the case is not decisive of the question in case at bar.

The rule of law governing civil proceedings, providing that the prosecution of one remedial right to judgment or decree, whether the judgment is for or against the plaintiff, is a decisive act which constitutes a conclusive election, does not seem to reach the question to be determined here. In the case at bar no remedial right had been prosecuted to judgment before the second trial of the case, and besides the rule in civil cases referred to, while sound in principle as to the cases to which it is properly applied, cannot properly have any application here. If the criminal laws provided two distinct punishments for the same offense, and the State elected to impose one upon the accused, and did so by prosecuting him to a judgment, which was sustained, it would be a bar to the other remedy, but such states of case cannot exist in criminal procedure.

While it has been held in some jurisdictions that under an indictment, which permitted the State to prosecute and try the accused for one of several distinct acts of the same kind, the accused could not obtain a continuance of his case at its calling for trial, upon the ground that he was surprised at the particular act which would

be relied upon for his conviction, but in a case of this character, and where at the first trial of the case the prosecution had elected or been required to rely for conviction, upon a certain particular act embraced within the indictment, and did try the accused for that particular offense, upon a new trial being granted, the accused would have a right to reasonably expect that upon the calling of the case again for trial, he would be expected to defend himself for the particular offense for which he was tried before, and in such a state of case, if the prosecution should elect to rely for conviction of him upon some other particular offense, which was embraced within the indictment, it should make the election and announce it before the accused is called upon to answer for trial. If the accused was taken by surprise by reason of the election and was able to make a proper showing of it, he should be granted a continuance of the case without question. In this case, however, the election was not made until after the jury had been impanelled, and we should unreservedly hold, that if, by reason of this announcement he was surprised, and could not show such fact to the court, he would then be entitled to a postponement of his trial, until such reasonable time as would be necessary to prepare his defense, but we presume that the appellant was not taken by surprise in this case by reason of the State's election to try him for an act of carnal information with the witness, Mattie Dankhoff, in December, 1911, in place of the one committed in December, 1909, or January, 1910, as he made at that time no motion for a continuance, nor for a postponement of trial, and the record of the trial shows that he was prepared to meet, as best he could, testimony adduced against him, and that he was very skillfully and ably represented by counsel.

The contention that the evidence of the witness, Mattie Dankhoff, tending to prove an act of sexual intercourse had by appellant with her in a hotel, in Louisville, in June or July, 1913, ought to have been excluded from the jury, upon the ground of incompetency, we do not think is well made. While in many jurisdictions acts of sexual intercourse previous to the one relied upon for conviction are allowed to be given in evidence in explanation of, and in corroboration of the evidence given to prove the principal offense, subsequent acts of a similar character are excluded, as not tending in any way to

prove the principal offense, and while as a general rule in criminal cases, the commission by the defendant of other and similar offenses are not permitted to be proven in corroboration of the principal offense for which he is on trial, nor as corroborating the testimony relating to such offense, but in the case of crimes consisting of illicit sexual intercourse, such as incest, adultery, and sexual intercourse with girls of tender years, similar offenses committed by accused with the same persons are permitted to be proven in corroboration of the principal offense, because such acts as these are the concurrent acts of two persons of opposite sex, and the evidence of such corroborative acts tends necessarily to show the design of the accused, and his disposition to indulge his criminal desires as opportunity may offer, and in this jurisdiction proof of subsequent acts to the principal offense are admissible, as well as previous acts of similar kind. Newsom v. Commonwealth, 145 Ky., 627; Smith v. Commonwealth, 109 Ky., 685.

It is true that where a woman freely and voluntarily participates in an act of adultery, she is an accomplice of her joint offender. In the case of Whittaker v. Commonwealth, K. L. R., 173, this court held that the evidence of a daughter was sufficient to convict her father of an act of incest committed with her, and the daughter was in no sense an accomplice of the father. The court said: "The crime was committed against the daughter. She was not the accomplice, but the victim of her father. * * * She might have committed a crime also, indeed did commit one, unless she is guilty of perjury, but it was not the same crime that the father committed."

A daughter, however, may be guilty of incest under Section 1219, Kentucky Statutes, by carnally knowing her father, but it would have to arise from a free and voluntary participation in the act.

If the witness, Mattie Dankhoff, freely and voluntarily had sexual intercourse with the appellant, before she was sixteen years of age, while she could not be guilty of the offense with which appellant is charged, she was guilty of the offense of fornication, and if she freely and voluntarily had sexual intercourse with him after she became sixteen years of age, while he would be guilty of adultery, being a married man, she would be guilty of fornication.

The appellant, however, stood in the relation to her of a father and parent. She had been put into his custody and control by the Baptist Orphans' Home when she was a child of twelve or thirteen years of age, and had resided in his house, and under his influence and control for four years, an orphaned and helpless child, without any relatives or friends, other than those she made among the neighbors in her community, and as the appellant stood in *loco parentis* to her, she being subject to his influence, commands and control, the offense was committed against her, and she was not the accomplice, but the victim of the appellant.

There is no state of case in which the evidence of an accomplice is not competent, and as was said in the case of People v. Jenness, *supra,* "there is no ground upon which an accomplice can be excluded from testifying to any facts to which any other witness may testify." This was the rule of the common law, and has never been changed. It is true, however, that the judges in the courts first adopted the rule, which is the same as that substantially expressed in Section 241 of the Criminal Code, which prevents the conviction of an accused person upon the testimony of an accomplice, "unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof;" and that principle of the common law has been engrafted upon the statute laws of this State. That, however, has particular application where the accomplice in the principal offense for which the accused is being tried, testifies to the acts constituting the offense. If the testimony of the girl needed corroboration of the alleged fact of the sexual intercourse with the appellant, in Louisville, the evidence of the appellant himself, in regard thereto, was strongly corroborative of the truth of her statement. His journey from Bowling Green, at night, to Louisville, and his meeting the witness there, and taking her to a restaurant and to a moving picture show, and his return home that night, and his failure to give any reason for this extraordinary trip, and his concealment of it was corroboration sufficient of the statements of the prosecuting witness.

The contention which counsel make that the court erred in refusing to permit the counsel to say in argu-

ment to the jury, that there was no evidence to show that Mattie Dankhoff was not then a virgin, except her own evidence, and that the Commonwealth had it in its power to show to the jury the fact that she was not then a virgin, if it were true, seems to have been an error growing out of a misconception of what this court had decided, but it could not have been prejudicial to the appellant, because the counsel had already fully made that argument before objection was made, and the court did not exclude it from the consideration of the jury, nor require the counsel to discontinue the argument.

The complaint by appellant that his substantial rights have been prejudiced by the election of the particular act for which he was tried upon his last trial in this, that if convicted, it was after the enactment of the indeterminate sentence law in Kentucky, and that his punishment under it is imprisonment for not less than ten years nor more than twenty years, while a conviction for an act of sexual intercourse with the prosecuting witness in December, 1909, or January, 1910, left the jury to give him a punishment of not less than ten years nor more than twenty years, in its discretion. It has been held by this court that the defendant must be tried under the law in effect at the time the offense was committed. Miller v. Commonwealth, 154 Ky., 205; Hunn v. Commonwealth, 143 Ky., 143.

The Legislature has the power to prescribe the terms and conditions upon which an accused may obtain a new trial for an offense for which he has been convicted and he obtains a new trial upon his own request; he takes the risk of whatever may be lawfully done thereafter. Arnold v. Commonwealth, *supra*.

It appearing that the trial court gave the appellant a fair trial, and that there is nothing in the record showing any error that was prejudicial to him, it is therefore ordered that the judgment appealed from be affirmed.