## Miller v. Commonwealth.

(Decided May 27, 1930.)

ROSE & HOLLADAY, D. A. McCANDLESS and C. E. NICHOLS for appellant.

J. W. CAMMACK, Attorney General, and JAS. M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Affirming.

The appellant has been convicted of the crime of carnally knowing a female under the age of eighteen years, and sentenced to serve two years in prison. The prosecuting witness resided with her great-aunt across the road from where the appellant lived with his wife and eight children. She testified that after several unsuccessful efforts to persuade her to do wrong, the appellant consummated his desire and had sexual intercourse with her in a blackberry patch one afternoon in July, 1928, and on several other occasions during the following months. Members of the girl's family learned of the intimacy during the late fall, and testified that the appellant admitted having wronged her. They accepted his expressions of contrition and his promises to let the girl alone, and no prosecution was initiated; but from the evidence of the commonwealth's witnesses it appears that he continued his nefarious conduct. The girl testified that the appellant having persuaded her to leave home with him and go South, they arranged to start one night in May, 1929. He stopped his automobile down the road a short distance to await her coming. Upon the discovery by the respective families that they were both missing, some men started in pursuit and discovered the machine by the side of the road containing clothing of both parties and the appellant's fiddle and barbering tools. They removed the ignition key, and when the appellant found that the car could not be driven because of it, the trip was abandoned and the girl and he returned to their homes.

The defendant denied all of these accusations and says that on the occasion of the interrupted trip he was going to Louisville to get work and the girl came out to him as he was starting and begged him to take her with him to get a job because her aunt was mean to her. There was introduced for the commonwealth a letter addressed by the defendant to the aunt of the prosecuting witness acknowledging his wrong and guilt and earnestly praying forgiveness. The defendant says that this letter had reference to the effort to take the girl to Louisville away from her home. His daughter and niece corroborate his testimony that he did not meet the girl in the blackberry patch at the time stated by her.

The indictment charges the offense to have been committed on the ——— day of August, 1928. The commonwealth did not elect which act of intercourse testified to by the witness it would rely upon for conviction, and under the well-established rule the one first mentioned was properly considered as that covered by the indictment; evidence as to other acts being admitted as corroborative. Roberson's Criminal Law, sec. 569.

During the introduction of the testimony as to the subsequent offenses the court did not admonish the jury' as to the reason of its admission, but in instructing the jury he explicitly confined their consideration to the first occasion mentioned by the prosecuting witness, and thus advised them relative to the others:

> "No. 2. The court further instructs the jury that the testimony permitted to be heard by you concerning any other occasion or occasions, on which, if any, you may believe from the evidence beyond a reasonable doubt that defendant had carnal knowledge with Marie Bradley, and the testimony concerning transactions between defendant and Marie Bradley, and concerning the conduct or actions of defendant, other than that referred to in instruction No. 1 may be considered by you as corroborative evidence, if you regard it as corroborative, and you should not regard same for any other purpose.
>
> "No. 3. The words 'corroborative evidence' as used in these instructions mean 'additional evidence tending to produce the same result as facts already given in evidence.' "

It is contended in behalf of the appellant that it was the duty of the court both to admonish the jury as to the purpose of admitting this testimony at the time of its introduction and also to have done so by an instruction. A cursory reading of a portion of the opinion in Newsom v. Commonwealth, 145 Ky. 627, 140 S. W. 1042, which is relied upon, may suggest this conclusion; but the opinion only declares that the admonition should be given at the time the evidence of other offenses is admitted for the purpose of corroborating the evidence introduced in behalf of the commonwealth to show that the defendant was guilty of the crime the commonwealth elected to try him for, and further that in the instructions the jury should be confined to the consideration of

the guilt or innocence of the accused to the one act thus selected.

In this case the court chose to give the admonition in the form of an instruction in writing at the conclusion of the evidence. No doubt had the verbal admonition been asked for at the time the court would have given it then, but not having asked it, it must be considered as having been waived. Kellar v. Commonwealth, 230 Ky. 821, 20 S. W. (2d) 998. In the leading case of McCreary v. Commonwealth, 163 Ky. 206, 173 S. W. 351, and perhaps in others, the admonition was given in the instructions, and that practice seems to us to safeguard the rights of the defendant as well if not better than a verbal admonition.

There is no merit in the suggestion that since the indictment charged the offense to have been committed on the ———— day of August, 1928, it was error to try the accused for an offense committed in July, 1928. McCreary v. Commonwealth, supra.

Perceiving no error in the record of the trial, the judgment is affirmed.