## Louisville & N. R. Co. v. Priddy.

(Decided Feb. 6, 1934.)

**174**

ASHBY M. WARREN, H. T. LIVELY, J. P. HAMILTON, DOWL-ING & BAIRD, and RODES & HARLIN for appellant.

LARIMORE & NICHOLS, W. S. HEIDENBERG, and JOSEPH LAWTON for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Stella Priddy instituted this suit in the Hart circuit court against Louisville & Nashville Railroad Company seeking to recover damages for personal injuries received at the depot and premises of appellant company. For her cause of action she alleges, in substance that on the — day of March, 1929, she went with her sister-in-law and her two children to appellant's depot at Upton, Ky., where her sister-in-law and children were to become passengers on appellant's train; that, after they went into the ticket office and purchased their tickets, she immediately started to the platform where her sister-in-law was to board appellant's train, and, while she (plaintiff) was going out of the door of the waiting room or ticket office, the door was forced to shut with great force, striking her in the back and knocking her from the door of the waiting room onto the ground and ballast in front of the door with great force and violence, from which she sustained severe injuries. She further stated that at the time of said injury the door of said waiting room or ticket office was being operated by a hydraulic stop which had been placed upon it by the defendant, and, at said time, said hydraulic stop was not operating properly and was so operating as to make the door unsafe and dangerous to persons going in and out of said waiting room or ticket office, and that on said date, and for many days prior thereto, the defendant had negligently and carelessly failed to remedy the defect or dangerous and unsafe condition in said hydraulic or pneumatic or air stop check on said door.

Later by amended petition she further stated that a liquid door check is the only safe or reasonably safe character of check to be used upon a door of the size, weight, and usage of that through which the plaintiff passed and by which she was injured.

Defendant filed its answer denying the material allegations of plaintiff's petiiton, and further pleaded contributory negligence on part of plaintiff. The issues were made up and a trial before a jury resulted in a verdict and judgment for plaintiff in the sum of $6,100. Motion and grounds for a new trial were overruled, and defendant appeals.

It is insisted for appellant that neither the petition nor the petition as amended stated a cause of action, and appellant's demurrer thereto should have been sustained. Appellee alleges in her petition and amended petition, in substance, that her injuries were caused by the use of an insufficient door check and was not in proper working order, and that the door check was the wrong character or kind of stop to be used on the weight, size, and character of door to which it was attached and in use, and because of these facts the door was forced to shut with great force and struck her, and that these conditions were the proximate cause of her injuries. It is insisted that, having thus specified the negligence, she is bound by the specifications, and that to constitute a cause of action it was necessary that she allege that the door struck her with violent, unusual, or unnecessary force, and in support of this contention appellant relies upon the rule, where passengers have been injured by jerks, and jars incident to the operations of trains, there is no liability on the railroad company, unless the sudden stop or movement of the train was both unnecessary and unusual and of sufficient violence to indicate negligence in the operation of the car.

It is our view the instant case does not fall within the latter rule. In the instant case appellee's cause of action is grounded upon the theory that the door check or stop was defective and improper or insufficient or wrong character or kind of check to be used upon the kind or character of doors upon which it was being used, and as a result of these combined causes she suffered the injuries complained of. But, if these allegations should be construed to constitute separate causes of action, appellant cannot now complain, because, as the record discloses, there was no motion to require appellee to elect as to which cause she would prosecute her action. In the absence of such motion, the objections were waived, and appellee thereby had the right to prosecute her case upon either theory. It is our conclusion that the petition and petition as amended stated

a cause of action, and the trial court properly overruled appellant's demurrer thereto.

Respecting the plea of contributory negligence, there is no proof conducing to show that appellee was guilty of any contributory negligence. So far as the record discloses, she was passing through the door in the usual and ordinary manner, exercising ordinary care for her own safety, and did nothing to contribute to the injury complained of.

The further complaint is made that the court erred in permitting witnesses to testify as to their experience with and knowledge of this door previous to the time plaintiff was injured, over objections, and without admonishing the jury limiting for what purpose this testimony was admitted. It is argued that this testimony was not competent for any purpose, but, even if it should be admitted for the purpose of showing notice to or knowledge on the part of appellant of the condition of the door check, the court should have admonished the jury accordingly. Before this evidence was introduced it was shown by the station agent of appellant that the door check and door were in the same condition on the date of the injury of the appellee they had been in for some two or three years prior thereto. In Louisville & N. R. Co. v. Jackson's Adm'r, 250 Ky. 93, 61 S. W. (2d) 1104, the question at issue was the dangerous or unsafe condition of a railroad crossing at the time Jackson was injured. It was held that evidence of other similar previous accidents at the same crossing arising from a defect in the crossing was admissible to show the unsafe condition of the crossing as evidence of notice to the railroad company, or an opportunity and time in which it could have obtained notice or knowledge of the defective crossing. To the same effect, see City of Lebanon v. Graves, 178 Ky. 749, 199 S. W. 1064, L. R. A. 1918B, 1016; Schmidt v. City of Newport, 184 Ky. 345, 212 S. W. 113; Greenleaf on Evidence, vol. 1, sec. 14. In some jurisdictions such evidence is held incompetent, but we find the majority of the states in harmony with the Kentucky rule; such evidence being competent for any purpose, the court properly overruled the objections to it. Appellant did not suggest to the court to admonish the jury of the limited purpose of the objectionable evidence, therefore it is in no position to complain here. Keller v. Commonwealth, 230 Ky. 815, 20

S. W. (2d) 998; Miller v. Commonwealth, 235 Ky. 182, 30 S. W. (2d) 484.

The next complaint is that the instructions given by the court are erroneous. One of the chief objections of the instruction is that the jury was authorized to find for plaintiff if it believed from the evidence that the door check was either defective or the wrong kind or character of check to be used on such door. As pointed out in our reference to the pleadings, both of these grounds of recovery are properly and sufficiently pleaded. This conclusion eliminates the necessity of referring to or passing on objections and complaints relating to a portion of the evidence and also to certain parts of the instructions, relating to the separate allegations of the petition. It necessarily follows then that the court correctly instructed the jury to find for plaintiff on either or both grounds.

Further complaint is made that the instructions authorized the jury to find for plaintiff if it believed that the door "slammed violently and with great force." It is insisted that there was no evidence conducing to show that the door did slam violently or with great force. It is our view that this instruction was more favorable to appellant than it was to appellee, in that it placed the burden upon appellee to show that the door did close with great force, whereas it was not essential to entitle plaintiff to a recovery. Appellee did not state positively or in nice words the door closed violently and with great force; since she did state it struck her with that character or sufficient force to knock her from the doorsill and down the steps, resulting in her injury, is equivalent to saying with great force and violence. In the circumstances the jury had the right to draw its own inferences and reach its own conclusions respecting the degree of force and operation of the door and the door check attached thereto. There are other complaints and objections urged relating to the instructions, but without giving space and time to a further discussion of them it is sufficient to say that, upon careful examination of the instructions, we have reached the conclusion that they substantially and fairly presented to the jury the law of the case.

Perceiving no error prejudicial to the substantial rights of appellant, the judgment is affirmed.

The whole court sitting. .