## Bowen v. Commonwealth.

Dec. 2, 1941.

516

Errol W. Draffen for appellant.

Hubert Meredith, Attorney General, and Earl S. Wilson, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

The appellant has appealed from a judgment of the Mercer circuit court sentencing him to the penitentiary for five years under an indictment charging him with carnally knowing a female under the age of 16 years, and he, appellant, being the age of 21 years, as denounced in Section 1155, Subsection 2, Kentucky Statutes. For a reversal of the judgment numerous grounds of error are assigned in the motion and grounds for a new trial and insisted on in brief of appellant, among which is that the court erroneously overruled appellant's motion to require the Commonwealth to elect which act it would rely upon for a conviction, and failed to admonish the jury as to the purpose of certain evidence.

Prosecutrix testified that she had known appellant for about two years, and that in May, 1939, appellant had sexual intercourse with her. She was asked on direct examination if she remembered the date and she

said she did not remember the exact date and further said the acts of sexual intercourse occurred at different times and places, mostly at the "Hickory Grove school house" in Mercer county. She then testified as to her age, stating that she was born September 23, 1923, and was 15 years old at the time appellant had sexual intercourse with her in May, 1939. On cross-examination she was asked to tell the jury where appellant had intercourse with her, and when, and she again stated that it was at the Hickory Grove school house sometime in May, 1939. She was further asked if she had any idea whether it was the first of the month or the latter part, and she answered: "During the first of May." She further said that she and appellant had no sexual relations at any time except in the month of May, 1939.

The Commonwealth then called as witnesses prosecutrix's father and mother who testified to her age, stating that she was born the 23rd day of September, 1923, and also testified concerning appellant's association with prosecutrix during the spring and summer of 1939 and specifically stated that he came to their home to see her in May, 1939. The Commonwealth further proved the age of the prosecutrix (that she was born the 23rd day of September, 1923), by the school records introduced by the Superintendent of Schools of Mercer county and also by the birth certificate of the attending physician. None of the evidence relating to the date of prosecutrix's birth was contradicted.

Appellant testified that he became prosecutrix's suitor in May, 1938, and kept company with her until about Christmas, 1938, and during that period of time he had sexual relations with her frequently, perhaps on the average of once or twice a week. He further said, however, that about Christmas, 1938, he and prosecutrix had a "falling out" and that he did not call on her any more thereafter. He positively denied that he had sexual relations with prosecutrix in May, 1939, or at any other time after about Christmas, 1938. It is to be noted that appellant attained his twenty-first birthday in February, 1939, and hence, was under 21 years of age during the times he admitted having sexual relations with prosecutrix, and the penalty prescribed by the Statute, supra, for a male person under the age of 21 years having sexual intercourse with a female under the age of consent, is a misdemeanor only.

Prosecutrix was the only witness who testified concerning the times and places of the acts of sexual intercourse with appellant, but no motion for the Commonwealth to elect which act of intercourse the Commonwealth relied upon was made until the close of the evidence of Raymond Stratton, father of prosecutrix, at which time appellant's counsel moved the court to require the Commonwealth to elect which act of intercourse it would rely upon and the court overruled the motion.

It is insisted in brief of Commonwealth that since prosecutrix was the only witness who testified to the times and places of intercourse with appellant, the motion to elect should have been made at the time her evidence was given, and that since no other evidence was introduced on that point, the appellant waived his right to require an election by the Commonwealth. Conceding, without deciding, that according to the orderly rule of procedure in such cases the motion to elect should have been made at the time prosecutrix gave her evidence concerning the times and places of the acts of intercourse, but since the motion was made before the evidence closed we are unable to say that appellant waived his right to require the Commonwealth to elect, and when the motion was made the usual procedure would require the court to sustain the motion and require the Commonwealth to elect. However, in the written instructions submitting the case to the jury the court limited the jury to the act of intercourse for which they might find appellant guilty, as being ''on the —— day of May, 1939, mentioned in the evidence, at the Hickory Grove school house in Mercer county, Kentucky,'' which was the first place and act of intercourse mentioned in the evidence of the prosecutrix.

Although the court failed to require the Commonwealth to make an election with respect to the specific act relied on for conviction, it appears that the court in its written instruction, mentioned above, made an election for the defendant by specifying the first time and place of intercourse mentioned by the prosecutrix. It is the rule that when the Commonwealth fails to formally make an election as to any particular act relied upon for conviction, the law will make an election for the accused and will elect the act about which substantive proof is first introduced for the purpose of conviction.

The election made by the court in the written instructions to the jury is sufficient on the question of election. McCreary v. Commonwealth, 163 Ky. 206, 173 S. W. 351; Miller v. Commonwealth, 235 Ky. 182, 30 S. W. (2d) 484.

Further complaint is made, however, that the court failed to admonish the jury of the purpose of evidence of the prosecutrix concerning acts of sexual intercourse occurring between her and defendant, at times and places other than at the Hickory Grove school house mentioned by her in the evidence and in the instructions given the jury. It seems to be the settled rule in this jurisdiction that in cases of this kind evidence relating to acts of intercourse other than the one elected by the Commonwealth, or by the court, may be introduced for the purpose only as corroborative evidence of the act elected and it is the duty of the court to admonish or instruct the jury as to such corroborative evidence, either by verbal admonition or by written instructions to the jury. We are cited to no case, and know of none, that holds such admonition may be entirely omitted as was done in the present case. In the Miller case, supra, no verbal admonition was asked for at the time the evidence was produced, nor was any such admonition given before the conclusion of the evidence, but the court did specifically instruct the jury in writing as follows:

> "No. 2. The court further instructs the jury that the testimony permitted to be heard by you concerning any other occasion or occasions, on which, if any, you may believe from the evidence beyond a reasonable doubt that defendant had carnal knowledge with Marie Bradley, and the testimony concerning transactions between defendant and Marie Bradley, and concerning the conduct or actions of defendant, other than that referred to in instruction No. 1 may be considered by you as corrobrative evidence, if you regard it as corroborative, and you should not regard same for any other purpose."

It was held that this was sufficient compliance with the rule requiring such admonition. The court said:

> "* * * . and that practice seems to us to safeguard the rights of the defendant as well if not better than a verbal admonition," citing Keller v. Commonwealth, 230 Ky. 815, 821, 20 S. W. (2d) 998, and McCreary v. Commonwealth, supra.

It might be said that under the instruction given, the jury was not authorized to find the defendant guilty of any act of intercourse with prosecutrix except the one elected by the court in the instruction; but, to hold that the instruction electing the particular act relied upon for conviction was sufficient to satisfy the rule that the court must admonish the jury of the purpose of the evidence relating to acts other than the one elected, would be contrary to the rule that such admonition must be given. We are impelled to the conclusion, therefore, that the court erred in failing to give the jury such admonition, and for that reason the judgment must be reversed.

Other complaints are made which we will consider, since the same questions might become involved on another trial of the case. It is insisted that instruction No. 1, submitting the main issue to the jury, was erroneous and misleading because it contained the language: "defendant being over the age of 21 years," and prosecutrix "being under the age of 16 years." It is argued that the language in effect stated the ages of the parties rather than leaving the question to the jury. The language could not have been prejudicial to appellant, since he admitted that he was 21 years of age in February, 1939, which was previous to the commission of the act for which he was on trial. It is also doubtful that the instruction could have been prejudicial with respect to the prosecutrix's age, since it was well established by the uncontradicted evidence that she was under 16 years of age in May, 1939. Upon another trial of the case, however, it might be well for the court to submit to the jury the issue concerning prosecutrix's age by more apt and specific language.

It is further complained that when the case was called for trial the prosecutrix took a seat beside the Commonwealth's attorney with a baby in her arms, to which counsel for appellant objected and moved the court to have the baby excluded from the court room. It appears that the court did not act upon the motion for about ten minutes and then excluded the baby from the court room. It is not shown that any reference was made to the baby by the Commonwealth's attorney, or any one, nor that the jury's attention was specifically called to it, but merely observed the baby in prosecutrix's arms. We do not think this was prejudicial. See

Tuttle v. Commonwealth, 287 Ky. 371, 153 S. W. (2d) 931, and cases cited therein.

Another complaint is that on cross-examination of appellant's character witnesses the Commonwealth's attorney asked the witnesses improper and prejudicial questions which the court permitted them to answer. Appellant introduced a number of witnesses who lived in the community where he lived, in an effort to establish his good reputation for morals, etc. The substance of the evidence of these witnesses was that appellant's general reputation for morals in the community where he lived was good. Upon cross-examination the Commonwealth's attorney asked the witnesses, in substance, that if they or any of appellant's neighbors knew appellant was going with a young girl 14 or 15 years old during the year 1938 and having sexual intercourse with her frequently from May to December of that year. The witnesses answered in the negative. The Commonwealth's attorney then asked the witnesses that if they had heard of that would they say appellant's reputation for morals was good, or if they would think it was good. Some of the witnesses indicated by their respective answers that if they had known or heard of such conduct on the part of appellant they might have a different opinion of him in reference to good moral character. It is insisted that this evidence was improper and should not have been admitted. We are unable to agree to this contention. Since appellant put his good reputation in issue we think the Commonwealth's attorney had the right to cross-examine the witnesses relative thereto to ascertain the witnesses' idea as to what constituted good morals, and to further ascertain the extent of their knowledge and the knowledge of the people in the community of appellant's conduct and behavior and the grounds upon which they based their knowledge of appellant's moral character. We find no merit in this contention.

For the reason stated, the judgment is reversed and remanded with directions to set it aside and to grant appellant a new trial, and for proceedings consistent with this opinion.

Whole court sitting.

Judges Thomas, Perry, and Cammack dissenting.