## MONTGOMERY v. COMMONWEALTH.

Court of Appeals of Kentucky.

Nov. 20, 1953.

476

J. M. Richardson, J. A. Richards, Owingsville, for appellant.

J. D. Buckman, Atty. Gen., William Simpson, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

The appellant, Homer Montgomery, by indictment, was charged with the offense of criminally knowing, with her consent, a female child, not his wife, who was under the age of 18 years and over the age of 12 years, an offense denounced by KRS 435.-100. He was found guilty and his punishment fixed at 5 years of penal servitude.

Appellant's brief contains the following accurate resume of the evidence presented at the trial, which we adopt: The prosecutrix was 15 years of age at the time of the alleged offense. The prosecutrix and the appellant became acquainted in the latter part of August, 1952, their parents becoming near neighbors. Prior to that time she had resided for 12 years in Indiana with her parents. The first act of intercourse occurred the 1st of September, 1952, at a "little place pulled off on the side of the road," U. S. 60. Prior to this occurrence she had accompanied him in his car with their folks to church, and she also went to the picture show with him. This act occurred around 11 p. m. They had been over to church, left the church together in the car, parked in the car on the side of the road and had intercourse. The appellant asked her to have intercourse with him to which she voluntarily agreed and this act took place on the front seat of the car under the steering wheel. Thereafter on numerous occasions they continued these relations until the latter part of December of that year. The appellant when introduced as a witness in his own behalf admitted this acquaintanceship; that he "took her to church about three times about a couple of weeks apart," but denied he ever at any time or upon any

occasion had sexual relations with her. The appellant was not arrested on this charge until the last of January, 1953.

Appellant assigns the following reasons for reversal of this judgment; (1) the court erred in permitting the Commonwealth to reopen its case after appellant had made a motion for a directed verdict of acquittal; and (2) the court erred in its admonition and instructions to the jury.

Subsections 1 and 2 of KRS 435.100 establish two classifications of the crime. If the offender is over 21 years of age, the act is a felony, but if he is of the age of 17 years and under 21 years, the offense is a misdemeanor. Therefore, the matter of the age of the accused is of importance.

In Hewitt v. Commonwealth, 216 Ky. 72, 287 S.W. 223, it was decided that an indictment for carnal knowledge of a female under 16 years of age, not stating that the defendant was over 21 years, will not support a conviction for a felony. Of similar import is the holding in Hylton v. Commonweath, 230 Ky. 565, 20 S.W.2d 453.

◼◼◼ At the trial of this case and at the conclusion of the evidence for the Commonwealth, appellant, Homer Montgomery, moved that the jury be directed to find him not guilty. The court pointed out that the Commonwealth had failed to introduce any evidence as to the age of the defendant and stated that the Commonwealth had failed to make out a case. Whereupon the attorney for the Commonwealth stated that he had, by oversight, failed to ask the prosecuting witness the age of the appellant and moved that he be permitted to reopen the case and introduce evidence on that point. The court permitted the case to be reopened, the prosecuting witness was recalled and she was permitted, over objection, to testify as to the age of appellant. Appellant renewed his motion, but it was overruled. Appellant contends that this action was prejudicial to his rights and that he was deprived of that procedural fairness and impartiality to which he is constitutionally entitled and points to the able discussion by Mr. Justice Jackson in a dissenting opinion filed in Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 73 S.Ct. 625, 635, wherein it is forcefully pointed out that procedural due process is more elemental and less flexible than substantive law and that "it yields less to the times, varies less with conditions, and defers much less to legislative judgment." However, in this Commonwealth there has been no firm establishment of the procedural right appellant insists he has; to the contrary, it has been well established that the trial court has broad latitude within which to operate in order to see that substantial justice is done. It was said in Bennett v. Commonwealth, 150 Ky. 604, 150 S.W. 806, 808, 43 L.R.A., N.S., 419:

"The trial court has a discretion, exercised fairly and reasonably, to admit testimony out of the regular order, when the events of the trial, as they arise from hour to hour, would otherwise result in a miscarriage of justice. Truax v. Commonwealth, 149 Ky. 699, 149 S.W. 1033. 'In general, such discretionary variations should be liberally dealt with; for nothing can be more irrational or unjust than to apply the judicial lash of a new trial to errors of trivial importance.' Wigmore's Evidence, § 1873."

In Fitzgerald v. Commonwealth, 269 Ky. 800, 108 S.W.2d 1041, and Bailey v. Commonwealth, 312 Ky. 764, 229 S.W.2d 767, the Commonwealth was permitted to prove defendant's age after all the evidence had been introduced, and in both cases it was held that the trial court had not abused his discretion in permitting the introduction of such evidence.

◼◼◼ A case which we believe is exactly in point is White v. Commonwealth, 301 Ky. 228, 191 S.W.2d 244, where (although it is not shown in the opinion, the record so discloses) appellant insisted he was prejudiced because, after the Commonwealth had closed and appellant had moved for a directed verdict, the Commonwealth was permitted to recall a prosecuting witness

who was allowed to give a material fact in a robbery case that the property had been taken against his will and consent. It was held that the trial court might for the "extraction of the truth as it may be" exercise a sound discretion, and the court refused to reverse the judgment on the ground that such action of the trial court was an abuse of discretion. We are of opinion therefore that in the instant case the court followed a procedural method which had been previously approved by this court and that the trial as conducted was along the line of procedural fairness and regularity.

In connection with his second ground for reversal appellant concedes that the admission of evidence of similar acts, both preceding and subsequent to the main act with which the accused is charged, is proper insofar as it shows design, intent, course of conduct, likelihood, plan and opportunity, but contends that this evidence may only be received under proper admonition by the court and that the court's admonition in the instant case was defective. It was:

> "Gentlemen of the jury in order to prove and to determine the guilt or innocence of the defendant the evidence shall go to one particular time and one particular act of intercourse. Any other acts of intercourse are admissible only for the purpose of showing likelihood, if it does."

■ While the admonition, perhaps, lacks the quality of fullness, it contains a clear statement of the issue to be tried and the purpose of the adduction of testimony concerning subsequent acts. We are authorized to presume that the jury was composed of persons who were possessed, at least, of average intelligence, and we conclude that they understood the admonition.

Williams v. Commonwealth, 277 Ky. 227, 126 S.W.2d 131.

Finally, an instruction is criticized because it required the jury to believe beyond a reasonable doubt that the appellant "upon the occasion testified about on U. S. 60" had carnal knowledge of prosecutrix, upon the ground that it did not identify with certainty the main act upon which the Commonwealth predicated its case.

■■ The prosecutrix testified that the first act of sexual intercourse took place on the 1st of September, 1952, at a place off the side of highway 60 about 3 miles from her home. Although she testified that she had committed the act with him on subsequent occasions, this was the only act identified as to time and place. The jury could not possibly have had difficulty in determining the main act for which appellant was being tried. It was the first act proved. It was certain as to time and location. It was the only act about which she was questioned as to details. While no formal election of the particular act relied upon was made by the Commonwealth, the whole trial indicated that the occurrence on U. S. 60 was the gravamen of the proceedings. In Bowen v. Commonwealth, 288 Ky. 515, 156 S.W.2d 870, 872, upon ample authority it was said:

> "It is the rule that when the Commonwealth fails to formally make an election as to any particular act relied upon for conviction, the law will make an election for the accused and will elect the act about which substantive proof is first introduced for the purpose of conviction. The election made by the court in the written instructions to the jury is sufficient on the question of election."

Judgment affirmed.