## BURKE v. COMMONWEALTH.

Court of Appeals of Kentucky.

Feb. 5, 1954.

O. J. Cockrell, Jackson, E. B. Rose, Beattyville, John Cox, Jr., Stanton, Francis M. Burke, Pikeville, for appellant.

J. D. Buckman, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

Appellant, Eddie Burke, was indicted under KRS 435.110 and charged with the crime of detaining a woman against her will with intent to have carnal knowledge of her. He was found guilty and the punishment imposed was confinement in the penitentiary for a period of two years.

Appellant is a married man, a minister of the gospel and was, at the time of the offense charged, superintendent of a small orphanage and school located on Smoot Creek in Letcher County. One of the pupils, a 12 year old girl, is the prosecutrix here.

The indictment named April 16, 1952, as the day upon which the crime was commit-

ted but, at the trial of the case, the evidence of several offenses was presented to the jury. She testified that about seven months after she entered the orphanage, in the year 1951, appellant "would get me out in the can house and shut the door and turn the light off and put his arms around me and write me letters and everything." The testimony indicated that this may have happened on several occasions. She also testified that similar incidents occurred upstairs and in the dining room. The dining room incident was detailed more thoroughly than the others. Of this incident she testified that she was in the dining room when the accused turned off the light and grabbed her, placed his hand on her breast, felt other private parts of her body and asked her to have intercourse with him, which request she refused. Mrs. Thelma Adams, who worked at the orphanage, testified that she saw appellant one morning, on the back porch, go up to the girl, put his arms around her and hug her. She saw similar actions on three or four other occasions.

Appellant contends that the Commonwealth failed to establish by competent evidence three essential elements of the crime: (a) detention, (b) against the will of prosecutrix, and (c) with the intent to have carnal knowledge of her.

■ Although the prosecuting witness was examined at some length on direct examination and was thoroughly questioned as to many details on cross-examination, neither counsel attempted, by interrogation, to establish the important fact of whether or not the various advances made by appellant, particularly those during which he touched her person, were made against her will. It is true that when he asked her to have intercourse with him, she promptly refused. But we have held that mere solicitation is not "detention" unless it is accompanied by acts amounting to interference with the free volition of the woman and prevents her from following her own course or going her intended way. Razor v. Commonwealth, 293 Ky. 704, 170 S.W.2d 10. And in the absence of direct testimony of the child on this point, it is difficult to assume, in view of the many occasions mentioned, other than submissive acquiescence on her part. This case seems to parallel in facts those presented in Merriss v. Commonwealth, 287 Ky. 58, 151 S. W.2d 1030, where it was concluded that similar circumstances failed to show the exercise of even slight force. However, since it is necessary to reverse this case on another ground—and upon retrial, the facts may be more fully disclosed—we will reserve this question for future consideration.

■ The error which requires reversal developed in this manner: The indictment charged that the offense was committed on April 16, 1952. The Commonwealth, in presenting evidence of the relationship between the accused and the prosecutrix, discovered many offensive acts by this man against the child. Appellant's counsel repeatedly urged that the court require the Commonwealth to select the particular act which it was relying upon for conviction. During the discussion of this topic by the court and counsel for both sides, the court indicated that he would require the Commonwealth to make an election. We do not find where this was done. However, we have held that where the Commonwealth fails to make a formal election, the court will make one and select the act about which substantive proof is first introduced. Bowen v. Commonwealth, 288 Ky. 515, 156 S.W.2d 870. An election made by the court in the written instructions given to the jury is sufficient. McCreary v. Commonwealth, 163 Ky. 206, 173 S.W. 351; Miller v. Commonwealth, 235 Ky. 182, 30 S.W.2d 484; and Montgomery v. Commonwealth, Ky., 262 S.W.2d 475.

■ In view of the fact that no formal election was had while evidence was being presented to the jury, it is necessary to examine the instruction to learn if, in this instrument, the required act of election was made by the court. It read:

"If the jury believe from all the evidence in this case, to the exclusion of any reasonable doubt, that the defendant, Eddie Burke, in the County of

Letcher, and before the finding of the indictment, feloniously did detain Oliff Amburgey, a woman, not his wife, against her will and consent with intent to have carnal knowledge with her himself, then the jury will find the defendant guilty as charged in the indictment, and fix his punishment at confinement in the penitentiary for not less than two nor more than seven years. The Court further instructs that any force, however slight, exercised against a woman, if any there was, was a detention."

It is obvious, from the words used, that there was no designation of the particular act relied upon for conviction.

Judgment reversed.