**Helen BISHOP, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 5, 1959.

**84**

Holland G. Bryan, Paducah, for appellant.

Jo M. Ferguson, Atty. Gen., Paul E. Hayes, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Helen Bishop was convicted of the offense of assault and battery. Her punishment was fixed at a fine of $1,000 and imprisonment for six months in the county jail. She moved for an appeal to this Court.

The Commonwealth proved two distinct acts of assault and battery upon the same person. There was little more than an hour between the two.

Evidence was first introduced on the first act and then on the second act. No election was made by the Commonwealth but the court instructed upon the second act only.

Appellant urges that the court should have instructed on the first act alone because evidence was first introduced to prove that act.

■■ Appellant's position is amply supported by the rulings of this Court. Where different acts constituting the offense charged in the indictment are proven, and there has been no election, the law will elect the act upon which substantive proof is first introduced for the purpose of conviction.

In Acree v. Commonwealth, 243 Ky. 216, 47 S.W.2d 1051, 1055, we said:

"The correct rule is that where the commonwealth introduces evidence concerning more than one offense, and makes no formal election as to which it will rely upon for conviction, the law elects the act concerning which evidence is first introduced, and, in which event, the court should confine the evidence of the commonwealth and direct his instructions accordingly."

See also McCreary v. Com., 163 Ky. 206, 173 S.W. 351; Earl v. Com., 202 Ky. 726, 261 S.W. 239; Gravitt v. Com., 184 Ky. 429, 212 S.W. 430; Commonwealth v. Stites, 190 Ky. 402, 227 S.W. 574; Render v. Com., 206 Ky. 1, 266 S.W. 914; Sanders v. Com., 176 Ky. 228, 195 S.W. 796; Alford v. Com., 227 Ky. 732, 13 S.W.2d 1026; Burke v. Com., Ky., 264 S.W.2d 669.

In this case the law elected the first act proven and it was prejudicial error for the court to have instructed on the second act.

For this reason the motion for appeal is sustained and the judgment is reversed.