## Lewis v. Commonwealth.

(Decided November 16, 1923.)

### Appeal from Edmonson Circuit Court.

1. Criminal Law—Conviction Under Indictment for Selling Intoxicating Liquor Bar to Another Prosecution.—Where each of two indictments referring to separate transactions charged defendant with selling intoxicating liquor to the same witness, a conviction under the first indictment, in a prosecution in which the instructions did not distinguish the transaction involved from any other similar transaction between defendant and that witness, held a bar to a prosecution under the second indictment.

2. Intoxicating Liquors—Sale of Larger or Smaller Quantity than Alleged Not Fatal Variance.—A conviction of selling intoxicating

liquor may rest upon evidence that either a larger or smaller quantity than that stated in the indictment was sold by defendant to prosecuting witness within the statutory period.

3. Criminal Law—Rule as to Identity Barring Second Prosecution, Stated.—Where evidence offered in support of a second prosecution would have been competent upon the trial of the first and might have resulted in a conviction thereon, a plea in bar upon the second trial should be sustained.

M. M. LOGAN, MILTON CLARK and B. M. VINCENT for Appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

On the 20th of March the grand jury returned into court two indictments against appellant charging him in each with the unlawful sale of spirituous liquors to Will Wolf. The indictments were numbered 2838 and 2839. They are identical in terms except number 2839 charges the sale of one quart of whiskey to Wolf, and number 2838 charges the sale of one pint of whiskey to Wolf.

Neither of the indictments definitely fixes the day upon which the alleged sales to Wolf were made, but they each in the descriptive part fix the time only as being "On the day —— A. D. 192—."

The cases were each set for trial on the 26th of March, and on that day number 2839—the quart case—was first tried.

On that trial the witness Wolf, on his examination in chief, was asked this question: "At any time within a year before you appeared before the grand jury, did you buy any whiskey, or did you buy a quart of whiskey, from the defendant Henry Lewis?" He answered that he had, and later in that examination, when asked to fix the time, he answered: "I reckon it must have been about a month or a month and a half ago. I don't remember the date." Later on in his examination he stated that upon the occasion referred to he had been accompanied to the home of appellant, where the sale took place, by one Alfred Payne.

On that trial the following instruction was given, to-wit: "If the jury believe from the evidence to the exclusion of a reasonable doubt, that in Edmonson county,

Kentucky, within twelve months before the finding of this indictment herein, the defendant, Henry Lewis, did unlawfully sell spirituous, vinous or malt liquor to Will Wolf, and not for medicinal, scientific, or sacramental purposes, they will find defendant guilty.'' It will be observed that in this instruction there was no effort to sever or distinguish the sale by appellant to Wolf from any other similar transaction that might have taken place between the two within the statutory period.

The jury upon that trial returned a verdict of guilty, upon which judgment was entered.

Thereafter and on the same day a trial was had under indictment 2838—the pint case—and in that case the defendant not only entered a plea of not guilty, but filed his written plea in bar because of the judgment of conviction under indictment 2839. At the conclusion of all the evidence the defendant asked for a directed verdict under his plea in bar, and the court overruled his motion, proceeded with the trial, and another judgment of guilty resulted.

This is an appeal from the last named judgment, and the only question necessary to consider is the sufficiency of the plea in bar.

On the trial of the second indictment, number 2838, the prosecuting witness, Wolf, was asked, on his examination in chief, the following question: ''Within a year before the time that you were before the grand jury, did you go to the place, Henry Lewis' place, in company with W. A. Johnson?'' He answered that he did, and when asked when that was, answered: ''Some three or four weeks ago. I don't know the exact date.'' He then proceeded to state that upon that occasion he bought from appellant a pint of whiskey for himself and a pint for Johnson.

The instruction in the last named trial was identical with that given on the first trial, and there was still no effort therein to distinguish the transaction there involved from any other similar transaction between Wolf and appellant within the statutory period.

Although one indictment charged a sale of a quart to Wolf and the other indictment charged a sale of a pint to Wolf, a conviction under either of them might have been had upon evidence that either a larger or a smaller quantity had been sold by defendant to Wolf within the statutory period. It may, however, be conceded that the two indictments on their faces appear to refer to separate

and distinct transactions; and it is apparent from the evidence of the prosecuting witness that the two sales referred to in the indictments took place at separate and distinct times.   But when the court came to instruct the jury and set forth the conditions under which they might find defendant quilty, there was a total failure, or even attempt, to distinguish between the two sales, and in its instruction on the first trial authorized a conviction for *any* sale made within the statutory period by appellant to Wolf.

So, conceding the indictments on their faces referred to separate and distinct transactions, and admitting that the evidence of the prosecuting witness on the first trial referred to a separate and distinct transaction from that testified about on the second trial, still the question remains whether the failure of the court in its instruction in the two trials to distinguish, or attempt to distinguish, between the two transactions, and authorized in its instruction a conviction on the first trial for *any* sale that might have been made by appellant to Wolf within the statutory period, makes the first trial a bar to a conviction on the second.

The plea in bar should have been sustained because the instruction on the first trial authorized a conviction for *any* sale during the statutory period made by appellant to Wolf, and the Commonwealth could have procured a conviction on the first trial by introducing the same evidence that was introduced on the last trial, and in law this constitutes such identity of offenses as will make the first trial a bar to a subsequent one.

The unfailing test applied in ascertaining the identity of offenses for the purpose of determining such question is that if the evidence offered in support of the last prosecution would have been competent upon the trial of the first, and might have resulted in a conviction thereon, then the plea in bar upon the second trial is good and should be sustained.   The indictment in the first trial charged the sale by appellant of one quart of whiskey to Wolf, and it needs no argument to prove that he might have been convicted on that trial by evidence that at any time within the statutory period he had sold to Wolf one pint of whiskey.   That being true, it seems to necessarily follow from an application of the rule stated that the first trial operated as a bar to the second one.

In the case of Shirley v. Commonwealth, 143 Ky. 183, there were three indictments returned against the de-

fendant, each charging him with the sale of spirituous liquors to the same person; one indictment charged the sale in August, 1910, one in September, 1910, and the other in October, 1910.    In considering the question whether a trial under one of them was a bar to a prosecution under the others, this court, after reciting that each separate, independent sale constitutes an offense, whether they be to the same, or different persons or made on the same or different days, and after saying that the Commonwealth is not confined to the day or the time specified in the indictment, but may inquire of witnesses concerning any sales that will support the prosecution made at any time within the year, said:

"When, however, as in the cases before us, there is more than one indictment returned against the same person, charging sales at different specified times during the year to the same person, it is usual for the attorney for the Commonwealth to confine the witnesses introduced in support of each indictment to the particular time specified in the indictment and for the court to limit the instructions to this time. If the Commonwealth's attorney and the court do this, the verdict in the case, whether it be of conviction or acquittal, will not bar other subsequent prosecutions against the same defendant for selling to the same person at other times within the year. But if the attorney for the Commonwealth in a prosecution under any one of the several indictments found against the same defendant for selling to the same person embraces the entire year in his questions or permits the witnesses to cover the entire year in their answers or the instructions allow a conviction for a sale within the year, a conviction or acquittal under one indictment will be a bar to another subsequent prosecution against the same defendant for selling to the same person within the year covered by the questions and answers or the instructions in the former prosecution."

That opinion in and of itself is conclusive of the question presented in this, for it distinctly and unequivocally holds in a case markedly similar to the one at bar, that if the witnesses on the first trial are permitted to cover the entire year in their answers, or the instructions allow a conviction for a sale within the year, to the same person a conviction or acquittal under the first indictment will operate as a bar to a trial under the subsequent one. Although the court did not in that case base its ruling upon the instructions of the court, yet in stating the proposi-

tion of law there involved it directly held that the plea should be upheld if the instructions on the first trial allow a conviction for a sale within the year to the same person, although the evidence on that trial may not have embraced the entire year.

But we are not confined to the authority of that case in upholding the plea in bar here. All the text writers so far as we have been able to ascertain make the test of whether the plea in bar is good the determination of the question whether the evidence introduced on the last trial if presented on the first would have been competent, and would have sustained a conviction on that first trial.

Gregory's Criminal Law, p. 759, says:

"In order to make the plea of former jeopardy available, it is necessary to establish the identity between the instant case and that pleaded in bar thereof. If the first indictment or information was such, that the accused might have been convicted under it upon proof of the facts by which the second is sought to be sustained, the plea of former jeopardy should be sustained."

Under that text the writer refers to Thomas v. Com., 150 Ky. 374; Com. v. Browning, 146 Ky. 770, and Drake v. Com., 29 R. 981.

Rose's Kentucky Criminal Law, vol. 1, section 715, in discussing the identity of offenses, says:

"But the safest general rule is, to decide whether or not the two crimes are in substance precisely the same or of the same general nature, or whether or not the evidence of the one would support a conviction for the other. If the evidence necessary to support the second indictment is admissible in the first and supports the same charge as in the first, and if that evidence, if believed, would convict under the first, the crimes must be identical."

Under that text the writer cites the Drake and Thomas cases above referred to.

Bishop's New Criminal Law, 8th edition, page 630, says on this subject:

"The test is, whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could the second cannot be maintained; when there could not, it can be."

Wharton's Criminal Law, vol. 1, 11th ed., on page 508 states the proposition thus:

"The proper test is: Was the matter set out in a second indictment admissible as evidence under the first in-

dictment, and could a conviction have been properly maintained upon such evidence? If the answer is yes, then the plea sufficient; otherwise, it is not.''

Cooley's Constitutional Limitations, on page 328, lays down the same rule in this language:

''If the first indictment or information were such that the accused might have been convicted under it on proof of the facts by which the second is sought to be sustained, then the jeopardy which attached on the first must constitute a protection against a trial on the second.''

This language of Mr. Cooley has been quoted with approval by this court in no less than four cases, to-wit:

Williams v. Com., 78 Ky. 93; Com. v. Browning, 146 Ky. 770; Thomas v. Com., 150 Ky. 374, and Drake v. Com., 29 R. 981.

In addition to all these, in the recent case of Scarf v. Com., 195 Ky. 830, in considering the sufficiency of a plea similar to the one here involved, this court said: ''Many rules have been promulgated and adopted for the determination of that question in the light of the various circumstances under which it was presented, but only one of which is necessary to be considered under the facts disclosed by this record, and there is no dissent by any court, or contrariety of statement by any text writer, as to how it should be determined. It is, that ''When the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second one,'' and then that opinion cites many authorities in its support not referred to in this opinion.

From all these considerations it is apparent the rule has become so firmly engrafted upon our system of jurisprudence it would be most unwise to depart from it. Its application in the case at bar cannot be questioned, for plainly the evidence admitted on the last trial against appellant would have been competent against him on the first trial, and would have sustained a conviction in that trial.

For the reasons given the judgment is reversed with directions to overrule the demurrer to the plea in bar and discharge the defendant.

Whole court sitting, Chief Justice Sampson dissenting.

Dissenting Opinion by Chief Justice Sampson.

The majority opinion proceeds upon the hypothesis that the offenses charged in the two indictments against appellant, Lewis, are identical, and that the judgment in the first case, when pleaded in bar at the trial on the second indictment, was sufficient to warrant the acquittal and discharge of appellant of the charge in the second indictment. With this conclusion I cannot agree. It seems utterly inconsistent with the facts, no less than with reason.

The indictment in the first case against appellant accuses him of unlawfully selling a quart of liquor to one Will Wolf. This indictment is admittedly good. The second indictment accuses him of selling one pint of whiskey to Will Wolf, and this also is admitted to be sufficient. Had appellant been tried upon the second indictment first, it certainly would have been held good and the conviction upheld. The two indictments charged separate and distinct offenses; one for the sale of a quart of liquor to Wolf and the other for the sale of a pint of liquor to the same witness, but at a different time. Neither of the indictments was subject to demurrer. Having a sufficient accusation the Commonwealth proceeded to the trial of the cases, and on the first indictment it introduced Will Wolf as a witness, who testified that he purchased from appellant and paid him for one quart of liquor about a month or a month and a half before the trial, and that one Alfred Payne was present at the time the transaction took place. Manifestly the Commonwealth sustained the charge in the indictment and the jury was fully warranted in returning a verdict of guilty.

Upon the calling of the next case against appellant another jury came around, whereupon Will Wolf was called as a witness for the Commonwealth and testified that three or four weeks previous to the time of the trial he purchased from appellant one pint of whiskey at a time when W. A. Johnson was present. This evidence related to a time different from that at which the sale charged in the first indictment was made, and was a distinct offense from that charged in the first indictment and for which appellant was tried by the first jury. All this is admitted. There was no identity of offenses charged in the indictments nor proven by the evidence. On the contrary, separate and distinct offenses were charged and proven.

It is said, however, that the instructions were the same in each case. Let that be granted, but what difference does that make? They stated the whole law of the cases correctly. The instructions are not assailed as incorrect, incomplete or inapplicable. There were two separate juries, one for the first case and another for the second case. The jury in the first case was instructed by the court in substance that if it believed from the evidence heard by it on the trial that the defendant Lewis had, in Edmonson county and within one year next before the finding of the indictment, sold whiskey to the witness, Wolf, it should find him guilty. When the jury retired to its room to consider of its verdict it was confined to the evidence heard upon that trial. Therefore there was and could have been no confusion whatever with respect to the law of the case in the mind of either jury. The evidence which was heard on the first trial was concerning a sale of a quart of whiskey by appellant Lewis to Will Wolf about a month or a month and a half before the trial when one Bryant was present. The instructions given in the second case were in substance the same as in the first, and the second jury was directed to consider only the evidence heard by it upon that trial. There was, therefore, no identity of accusation, evidence, jury or trial, and appellant had neither a legal right nor justifiable excuse for his plea in bar entered on the trial of the second case.

Upon what theory or basis of law or fact can it be said that one who has committed two offenses by selling liquor upon two different occasions shall be exonerated of the second charge because he is found guilty on the indictment accusing him of the first? Plainly it is a quibble in the interest of a law violator—a pretense so unreal that every right-thinking person, whether lawyer or layman, must clearly recognize it and know it has no foundation in either reason or justice.

The theory upon which the majority opinion is promulgated may be said to be an offshoot of the doctrine announced and applied in construing section 13 of our Constitution respecting jeopardy, providing one shall not be put twice in jeopardy for the same offense.

Reliance is had in the majority opinion on the case of Shirley v. Commonwealth, reported in 143 Ky. 183. Shirley was indicted in three cases for selling liquor. The facts brought out on the trials are very different from the facts in the case before us. In the Shirley cases the wit-

nesses for the Commonwealth were asked by the prosecutor if they had bought brandy from the defendant within twelve months next before the finding of the indictment, and receiving an affirmative answer no effort was made to distinguish between the three sales by fixing the time thereof. The opinion in that case says:

"They were not asked to, nor did they (the witnesses) specify the time of the month or the year in which the brandy was obtained; nor was any attempt made to confine the evidence of the transactions to any particular time."

As the witnesses were allowed in the Shirley cases to make the broad statement that they had within a year next before the finding of the indictment bought brandy of Shirley without fixing the time, the place or quantity, one conviction, we can readily see, might bar other prosecutions, and there is some reason for such a rule. But in the cases at bar no such general questions were asked or answered, but the prosecuting attorney very carefully proved on the first trial of Lewis that he had sold a quart of liquor to the witness at a specified time. On the second trial a different quantity of liquor was proven to have been sold and on a different occasion when another person was present than those shown to have been present at the time of the sale on the first trial, clearly establishing a separate and distinct transaction. The Shirley case is, therefore, not supporting, and is easily distinguishable from the cases at bar. This case, however, is the strongest one cited in support of the majority opinion.

Another case relied upon in the majority opinion is that of Commonwealth v. Browning, 146 Ky. 770. Browning was convicted of shooting and wounding another and was later put on trial for shooting and wounding a second person with the same ball with which he fired and wounded the first one, and he pleaded "identity of offenses," or rather former jeopardy, but his plea was denied, it being held in substance that the conviction of Browning on an indictment for shooting and wounding Stewart, his first victim, was no bar to his prosecution under another indictment for shooting and wounding Caywood, although both were wounded at the same time and by one and the same bullet by the single discharge of Browning's pistol. There is, of course, no similarity between the Browning case and the case at bar, and I do not think that case supports the majority opinion in this

case. Another case relied upon in the majority opinion
is that of Thomas v. Commonwealth, 150 Ky. 375.
Thomas was indicted for the crime of "housebreaking,"
and it was held in that the second indictment for the
crime of "storebreaking" was a distinct offense and that
his acquittal upon the charge of "housebreaking" did
not bar a prosecution for feloniously breaking into a
store house. That case, I think, has little relevancy to
the one at bar, and certainly gives no support to the
theory that a bootlegger cannot be convicted a second
time for a second sale of whiskey to that for which he
was first tried and convicted, even though the instruc-
tions were in substance the same. In the case of Drake
v. Commonwealth, reported in 29 R. 981, the indictment
was for betting on an election, and it charged that C. M.
D. and H. E. Knox were opposing candidates for county
judge, and on the trial the evidence showed that the
name of one of the candidates was A. T. Knox instead of
A. G. Knox, whereupon the court peremptorily in-
structed the jury to find defendant not guilty on account
of the variance in the names of the candidates, and after-
wards upon information filed the defendant was again
tried for the same offense to which he pleaded not guilty,
and also former jeopardy and acquittal in bar, which
were overruled. It was held on appeal here that appel-
lant was twice put in jeopardy and the judgment re-
versed. But the reason there assigned gives no support
to the majority opinion here. It was said in that opin-
ion: "We do not think the variance was material. The
mistake was merely as to the initials of the Christian or
given name, but the surname was Knox; there were but
two candidates for county judge of Powell county to be
voted for at the November election, 1905; one of these
was Knox and no other person by that name was a can-
didate. No question was made nor could have been
raised as to his identity, consequently neither the Com-
monwealth nor appellant could have been misled or the
latter prevented from making defense to the charge in
the indictment because of error in the initial in Knox's
name."

In addition to the cases above distinguished the ma-
jority opinion cites a paragraph from Gregory's Crim-
inal Law, page 759, and Rose's Criminal Law, vol. 1,
and some other texts, but neither, it appears to me, sup-
ports in more than a general way, the majority opinion.

The gist of all of the several citations in that opinion is to the effect that when the facts necessary to convict on a second prosecution would necessarily have convicted on the first the final judgment on the first prosecution will be a bar to a second one, and this is in accord with the general rule. The evidence on the first trial of Lewis, in support of the indictment accusing him of selling a quart of intoxicants to the witness, would not have fully sustained the said indictment which accused him of selling only a pint. The evidence heard on the second trial showed that appellant sold to the witness only one pint of whiskey on a different occasion. Therefore, this general rule has no application to the situation here, where we have two distinct offenses, committed on different days when different quantities were sold and different persons were present. There seems to be a general rule peculiar to liquor cases, having its origin no doubt in the fact that in most instances a bootlegger makes frequent sales, sometimes upon the same day and sometimes upon different days. But it has never been held, so far as I have been able to discover, that a conviction in one case will bar another where the evidence clearly shows that two separate offenses have been committed, even though the instructions to the jury are in substance the same. The general rule upon the subject is thus stated in 16 C. J. 266: "So, too, in prosecutions for the unlawful sale of intoxicating liquors, each sale constitutes a separate offense, and although both indictments charge a sale to the same person and the prosecution could support either by the same evidence, inasmuch as the date is immaterial, yet a prosecution on one would not be a bar to the other, unless it was for the same act of selling. Nor is it sufficient to sustain the plea of former jeopardy that evidence of the facts alleged in the first indictment would also be competent evidence of the facts alleged in the second."

We said in the case of Vowells v. Commonwealth, 83 Ky. 193:

"But to avail himself of such a defense we think it was incumbent on him to show that he had been previously tried and convicted, or acquitted, as the case may be, of the *identical offense* for which he was indicted in this case, for while former conviction or acquittal may, under the Code, be pleaded with or without the plea of not guilty, it is essentially an affirmative plea and puts the onus upon the accused."

The rule was again stated in 7 Ky. Law Rep. 745, in this way:

"Where an offense charged in an indictment is of such a character that it is incapable of a distinguishing statement so as to indicate which particular act is meant if the defendant has committed several of such acts, the Commonwealth should be required to select at the outset the particular act then to be inquired into, and when it has thus elected it has declared the particular offense as distinctly as if it had been described by specifications in the indictment so peculiar as to exclude all other similar offenses, and the verdict, whether of conviction or acquittal, will relate to that act only. Therefore, a plea of some acquittal under a subsequent indictment will not be good unless the evidence offered on the second indictment relates to the same transaction to which evidence on the first indictment related."

Suppose appellant Lewis had sold a pint of liquor to Will Wolf and the next day had sold a quart of liquor to John Smith, and the succeeding grand jury had indicted him for two separate offenses, and the evidence had shown that the sales were on different days and to different persons, and the court in instructing the jury had followed the usual outlines that were employed in this case and had directed the jury that if it believed from the evidence beyond a reasonable doubt that the defendant in the county where the court sat, and within one year next before the finding of the indictment, had sold a pint of liquor to Will Wolf, and in the next case had given a similar instruction, except naming the witness, John Smith, in the place of Wolf, would it be contended that the first trial was a bar to the second? Or suppose a regular bootlegger had, on ten different days and occasions, sold whiskey to Will Wolf and the grand jury had returned ten different indictments accusing appellant of selling liquor in different quantities to the witness, would it be contended that the trial on the first indictment would be a bar to all other indictments, even though the court instructed the jury as set out above? I think not. To recognize and establish such a rule, no matter how much learning or pretended authority may be called to its support, is but to insult reason and to deny the equal enforcement of the law. It must be and is admitted by all who have read the record, as well as those who may read the majority opinion in this case, that two different offenses occurring upon different days were

committed by appellant. His guilt is not questioned. It cannot be denied. Why should the court with all these facts before it indulge in a questionable course of reasoning to save a culprit from the infliction of the penalty justly prescribed by law for all who violate it? Why ignore the substance and follow the shadow? The law is supposed to be founded upon reason and justice; there it has its source and fountain, and a rule which is founded upon neither reason nor justice cannot be the law.

For the reasons indicated, I cannot concur in the majority opinion. I respectfully dissent.