## Bethel v. Commonwealth.

(Decided November 15, 1929.)

542

HUBERT MEREDITH for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY— Reversing.

The appellant, Carl Bethel, was convicted in the Muhlenberg circuit court of the crime of carnally knowing a female under the age of 18 years, and his punishment fixed at confinement in the penitentiary for two years.

To reverse the judgment pronounced against him on the verdict, it is insisted that the instructions are erroneous. Upon the trial the prosecuting witness was permitted to testify to four acts constituting the crime charged in the indictment. The commonwealth was not required to elect which one of the acts constituting the crime it would rely on for a conviction, nor was there any motion to require the commonwealth to elect. In this situation the law elects the first, and it was the duty of the court to, by its instructions, confine the jury to a consideration of the first act proven, and to admonish the jury that evidence of subsequent acts was competent only in corroboration of the first act, if the jury should regard it as corroborating, and for no other purpose. Earl v. Commonwealth, 202 Ky. 726, 261 S. W. 239; Gilbert v. Commonwealth, 204 Ky. 505, 264 S. W. 1095, 1096; Kayes v. Commonwealth, 221 Ky. 474, 298 S. W. 1096.

Instruction No. 1 given by the court is almost identical with the instructions given in the Earl case, and condemned in the Gilbert and Kayes cases, supra. It

failed to limit the jury to any particular act of intercourse and was therefore prejudicially erroneous.

2. It is urged by appellant that evidence of the prosecuting witness' pregnancy was incompetent. Ordinarily in cases of this sort evidence of pregnancy is competent as a corroborating circumstance. Druin v. Commonwealth (Ky.) 124 S. W. 856; Kayes v. Commonwealth, supra. But it was not competent in this case for the reason that, according to the testimony of the prosecuting witness, her pregnancy resulted from the last act of intercourse with appellant. As has been stated hereinbefore, four acts of intercourse were proven, and no election having been made by the commonwealth as to which act it would rely on, the law elected the first, and the subsequent acts were only corroborative of the first. Therefore pregnancy was merely corroborative of another corroborating circumstance, and for that reason it was incompetent. On another trial testimony concerning the pregnancy of the prosecuting witness will be competent only in the event the commonwealth shall elect to rely upon the last act of intercourse for conviction.

3. It is also urged that the court erred in limiting the effect of testimony introduced by appellant tending to show that the prosecutrix became pregnant by another man, it being appellant's contention that such testimony is substantive. In this contention appellant is in error. Such testimony is admissible only for the purpose of accounting for pregnancy. If, on another trial and under the conditions set forth above, evidence of the pregnancy of the prosecutrix be admitted, and appellant introduces evidence showing her relations with another man, the court should admonish the jury that this evidence is admitted only for the purpose of accounting for, if in their judgment it does account for, the pregnancy of the prosecutrix. Render v. Commonwealth, 206 Ky. 1, 266 S. W. 914; Gilbert v. Commonwealth, supra.

Wherefore the judgment is reversed, with directions to grant appellant a new trial and for proceedings consistent with this opinion.