**Lenoral THACKER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 8, 1970.

Fred B. Redwine, Sanders & Redwine, Pikeville, for appellant.

John Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Lenoral Thacker is appealing from a judgment which sentenced him to life imprisonment pursuant to a verdict finding him guilty of committing rape upon a child under 12 years of age, KRS 435.080(1). The statute provides only two alternative penalties, one being life imprisonment and the other death. The appellant's contentions are that (1) his motion for a new trial on the ground of newly discovered evidence should have been sustained; (2) he was entitled either to a directed verdict of not guilty or to an instruction on attempted rape, because the Commonwealth did not make an election as to the particular offense of rape, among the many shown by the evidence, on which it would seek con-

viction; and (3) numerous errors were made in ruling on the admissibility of evidence, which errors cumulatively were prejudicial.

The indictment, returned March 5, 1969, charged that rape was committed on or about March 4, 1969. However, the proof covered a series of acts of rape commencing in the summer of 1966 and extending up to the day preceding the date of indictment, the acts occurring at a frequency of perhaps twice a week.

The prosecuting witness was the appellant's stepdaughter. Her explicit testimony of the repeated offenses was corroborated by testimony of her 10-year-old sister and 15-year-old brother. Also there was testimony by a doctor that the size and condition of the victim's vaginal canal were such as to indicate that she had participated in sexual intercourse over a substantial period of time. The girl's mother (the appellant's wife) did not testify at the trial but she had testified before the grand jury and at the examining trial, and her testimony there was in full corroboration of and girl's story. The girl and her brother and sister also had testified before the grand jury and at the examining trial, and had made statements to the police, the prosecuting attorneys and the county judge. The statements and testimony were consistent throughout.

After the trial and conviction, however, the victim and her brother, sister and mother all recanted their testimony, and made affidavits that they had conspired to charge falsely the appellant in order to get rid of him. On the basis of these affidavits the appellant moved for a new trial. The motion was overruled, and the appellant's first complaint here is of that ruling.

■ The appellant seeks to apply the rule that a new trial will be granted on newly discovered evidence if it is apparent that a different result would have been reached at the trial had the new evidence then been available. However, we think it is clear that the foregoing rule does not apply to the situation of *recanted* testimony of principal witnesses. If it did, the accused always would get a new trial where the prosecuting witness recanted her testimony, because it would be apparent that with the new testimony, that the accused was not guilty, the result of the trial would be different.

■ Actually, there are special rules for situations of recanted testimony. The general rules are that recanting testimony is viewed with suspicion; mere recantation of testimony does not alone require the granting of a new trial; only in extraordinary and unusual circumstances will a new trial be granted because of recanting statements; such statements will form the basis for a new trial only when the court is satisfied of their truth; the trial judge is in the best position to make the determination because he has observed the witnesses and can often discern and assay the incidents, the influences and the motives that prompted the recantation; and his rejection of the recanting testimony will not lightly be set aside by an appellate court. See Annotations 158 A.L.R. 1062; 74 A.L.R. 757; 33 A.L.R. 550.

There have been brought to our attention only two Kentucky cases in which this court reversed the ruling of a trial court in denying a new trial sought on a recantation of testimony by principal prosecuting witnesses. In one, Shepherd v. Commonwealth, 267 Ky. 195, 101 S.W.2d 918, this court found that the original testimony was unnatural, was contradicted by physical facts and other evidence, and was opposed by evidence substantial in quality and quantity, so as to have been of border-line probative value to begin with. In the other case, Mullins v. Commonwealth, Ky., 375 S.W.2d 832, the circumstances were such as to cast some doubt of the truth of the original testimony, and the Attorney General, on the review of the order denying the new trial, indicated his feeling that fairness required the granting of a new trial.

In the instant case, we find no circumstances (aside from the recanting) to cast doubt on the truth of the original testimony. The prosecuting witness, and her brother, sister and mother, told the same story over and over, without variation or conflict. The age of the sister was such that it would have been difficult for her to be coachable to adhere faithfully to an untrue story. The details of the testimony were consistent and plausible. And the fact that the prosecuting witness had in fact engaged in intercourse over a substantial period of time was corroborated by the testimony of the doctor.

■ We find no basis for disturbing the decision of the trial judge overruling the motion for a. new trial, which decision involved factors particularly in his province to weigh.

Appellant's· next contention relates to the fact that the trial court did not require the Commonwealth to elect upon which specific act of rape it would seek conviction, and failing that, did not make an election for the Commonwealth by instructing the jury upon one act only. As hereinbefore stated, the evidence showed a series of acts of rape extending over a period of more than two years, occurring as frequently as twice a week. At the close of the evidence, appellant moved that the prosecution be required to make an election, but the trial court overruled that motion and in the instructions authorized a conviction if the jury found beyond a reasonable doubt that the appellant raped the prosecuting witness, "before the finding of the indictment herein on March 5, 1969, and before December 20, 1967" (the latter being the date on which the prosecuting witness became 12 years of age).

■ The law of this jurisdiction is quite clear that in a prosecution for an offense such as rape, where the indictment and proof are such that a number of offenses are brought out, the Commonwealth may be required on motion of the defendant to elect the particular offense on which it will rely, and if no election is made the trial court shall elect the act concerning which evidence was first introduced, making the election through the *instructions*. See Smith v. Commonwealth, 109 Ky. 685, 60 S.W. 531; McCreary v. Commonwealth, 163 Ky. 206, 173 S.W. 351; Earl v. Commonwealth, 202 Ky. 726, 261 S.W. 239; Williams v. Commonwealth, 277 Ky. 227, 126 S.W.2d 131; Kayes v. Commonwealth, 221 Ky. 474, 298 S.W. 1096; Bethel v. Commonwealth, 231 Ky. 541, 21 S.W.2d 830; Bowen v. Commonwealth, 288 Ky. 515, 156 S.W.2d 870; Burke v. Commonwealth, Ky., 264 S.W.2d 669; Bishop v. Commonwealth, Ky., 325 S.W.2d 83.

■ It seems to have been *assumed* in most of our cases that failure of the trial court to require or to make the election is automatically prejudicial so as to require a reversal. For example, see Burke v. Commonwealth, Ky., 264 S.W.2d 669. But we are not convinced that such an error necessarily is prejudicial in all cases, and we are of the opinion it was not prejudicial in the instant case.

■ The purposes of the requirement of election are (1) to enable the defendant properly to prepare his defense, (2) to insure that the jurors will unite in agreement as to the truth of the same facts, and (3) to protect the accused against double jeopardy. 23 C.J.S. Criminal Law § 1044(b)(1), pp. 1181, 1182. The first purpose is not involved where, as here, the defendant's motion for election is not made until after all the proof is in. The third purpose is not a matter of concern here, either, because since the appellant, prior to an election, could have been convicted of any of the acts of rape shown in the evidence, and there was no election, he was put in jeopardy as to all of the acts shown and is protected against further prosecution for any of those offenses. See Scalf v. Commonwealth, 195 Ky. 830, 243 S.W. 1034; Newton v. Commonwealth, 198 Ky. 707, 249 S.W. 1017; Lewis v. Commonwealth, 201 Ky. 48, 255 S.W. 818; Arnett v. Commonwealth, 270 Ky. 335, 109 S.W.2d 795.

This leaves the second purpose. We think there was no possibility of a frustration of that purpose in the instant case, because the testimony as to the various acts of rape was all the same. No particular act was singled out and given special evidentiary treatment. The evidence was such that the jury would have to believe either that all the acts were committed, or none of them.

It thus appears that none of the purposes of the requirement of election was violated in the instant case, from which it would seem that there could be no prejudice from the error of the trial court in not requiring or making an election. The appellant argues, however, that the first offense shown in the evidence consisted of an unsuccessful attempt at penetration, wherefore the offense the trial court should have elected was the offense of *attempted* rape, and that in being convicted of actual rape he was prejudiced through the failure of the court to make the election. We believe the argument is not valid, because as we understand the rule of election it means that the election by the court is to be of the kind of offense *charged* about which substantive proof is first introduced. The only charge in the instant case was of rape. The evidence of initial *attempts* was introduced for the purpose of corroboration. See Gillispie v. Commonwealth, 212 Ky. 472, 279 S.W. 671. The duty of the trial court was to elect the first offense of *rape* shown in the evidence, because the election was to be made among the *charged* offenses that were proved.

The appellant further argues that the evidence did not pinpoint any particular act of rape as to *date*, wherefore there was no particular act which the trial court could have elected, so the appellant was entitled to a directed verdict of acquittal. The fixing of particular dates of offense was of no real importance in the case except as related to the matter of election, and we think that had the trial court chosen to exercise its duty concerning election there would have been no problem in causing the first offense to be made identifiable by date.

We find no basis for prejudice in the error of the trial court with regard to election, and the error therefore is not ground for reversal.

The appellant closes his brief with an enumeration of six alleged errors in ruling on the admissibility of evidence, which he concedes might not be prejudicial considered individually, but which he maintains were prejudicial collectively. We think it is sufficient for us to say that we have considered the alleged errors and find none of them to be errors.

The judgment is affirmed.

EDWARD P. HILL, JR., C. J., and MILLIKEN, NEIKIRK, OSBORNE, REED and STEINFELD, JJ., concur.