**William Lee CURTIS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 29, 1971.

Rehearing Denied Jan. 21, 1972.

James H. Waitman, Gwin, Iler & Waitman, Owensboro, for appellant.

John Breckinridge, Atty. Gen., Mark F. Armstrong, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

William Lee Curtis appeals from a judgment sentencing him to five years' imprisonment pursuant to a verdict which convicted him of malicious shooting and wounding with intent to kill. He claims errors in the admission of evidence and in the overruling of his motion for a new trial on the ground of newly discovered evidence.

John Terry Delacey, the victim of the shooting, testified that around 7:30 p. m. on April 5, 1970, Curtis came to Delacey's home, knocked on the door, walked in and shot him twice. Delacey was unequivocal in his identification of Curtis. The latter's defense was an alibi, in which he and his witnesses testified that he was nowhere in the area of the Delacey home on the night in question. In rebuttal, the Commonwealth put on one George McCarthy, who testified that around 7:00 p. m. on the night in question he saw Curtis' car "driving around the block;" that he (McCarthy) went into Delacey's house to get a pair of pants "and came back out and saw it pass by that way again."

With his motion and grounds for a new trial Curtis submitted an affidavit by McCarthy that he was mistaken and confused at the trial; that he had not in fact seen Curtis' car near Delacey's home on the night in question, but merely some automobile which it was not possible to identify because of the darkness. Curtis' first contention on this appeal is that McCarthy's recantation entitled Curtis to a new trial on the ground of newly discovered evidence.

◼ This court has held that there are special rules for situations of recanted testimony, and that in the case of recanted testimony a new trial will not be granted merely on the standard basis that a different result probably would have been reached at the trial had the new evidence then been available. See Thacker v. Commonwealth, Ky., 453 S.W.2d 566. But that rule does not exclude from consideration, as a ground for *denying* a new trial, the fact that there is no probability that the result of the trial would have been different without the recanted testimony.

McCarthy's testimony on the trial, standing alone, furnished no affirmative proof of Curtis' guilt. It served only to corroborate by inference Delacey's identification of Curtis, in that it placed Curtis in the neighborhood so that it was possible for Delacey's identification to be correct. There was other, much stronger corroboration of Delacey's identification in the testimony of one Bernard Trogden, who related a conversation with Curtis in which the latter in practical effect admitted shooting Delacey. It is true that McCarthy's testimony may have been helpful in refuting the alibi, but it was not essential for that purpose because Delacey's testimony, corroborated by Curtis' admission as related by Trogden, of itself refuted the alibi.

◼ We are of the opinion that the trial court was entitled to conclude that the result of the trial would not have been different without McCarthy's testimony. Furthermore, the reasons stated by McCarthy in his affidavit in support of the motion for a new trial do not furnish a very satisfactory explanation of why his testimony on the trial should not be considered true, and are not persuasive that the testimony was not true. For these reasons we find no error in the trial court's overruling of the motion for a new trial.

◼ We find no error also in the trial court's ruling which permitted McCarthy's testimony to be given as rebuttal rather than in chief. As hereinbefore indicated, the testimony had force as evidence in chief only to the extent that it corroborated by inference Delacey's identification of Curtis. Absent an issue as to identification it was not even relevant. The issue of identification arose only when the alibi evidence for the defense was offered. Thus, McCarthy's testimony was in main and almost exclusive effect of rebuttal nature, and so it was proper to be given as rebuttal evidence. See Robinson v. Commonwealth, Ky., 459 S.W.2d 147. The fact that the defendant previously had given notice that his defense would be an alibi did not require that testimony in refutation of the alibi be offered as evidence in chief.

◼ As a third ground of error, Curtis complains of the admission of testimony by police officers, who arrived at Delacey's home around one-half hour after the shooting took place, that Delacey told them that Curtis had shot him. We think that the evidence met the requirements for admissibility set forth in Preston v. Commonwealth, Ky., 406 S.W.2d 398.

◼ Curtis argues, finally, that the trial court erred in regard to the admission of testimony concerning one Elvis Capps, who was identified by Delacey as having appeared at his home shortly after the shooting. Delacey was asked, on the stand, whether in the past month he had seen Capps and Curtis together, and the answer was: "Not in the past month, no. I think he is in the penitentiary now." An objection was made "to the answer" and the court admonished the jury: "Members of

the jury, you are not to consider whether these two members were together, and you are not to consider it in making up your verdict."

Curtis maintains that the admonition was not adequate to make clear to the jury just what was being excluded, and therefore the admonition did not remove the prejudicial effect of the answer. The question has not been reserved properly for our review. It was incumbent on Curtis, if he felt that the admonition was inadequate, to move the trial court for a further admonition or to move for a mistrial. See Reeves v. Commonwealth, Ky., 462 S.W.2d 926.

The judgment is affirmed.

All concur.