RENDERED: NOVEMBER 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1472-MR

JAMAL NANCE								APPELLANT

v.				APPEAL FROM MCCRACKEN CIRCUIT COURT
				HONORABLE TIMOTHY KALTENBACH, JUDGE
				ACTION NO. 15-CR-00025

COMMONWEALTH OF KENTUCKY							APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND JONES, JUDGES.

CETRULO, JUDGE:  Appellant Jamal Nance (Nance) appeals an October 14, 2020 McCracken Circuit Court Order denying his CR[1] 60.02 motion to vacate his judgment of conviction.  Upon review, we affirm.

---

[1] Kentucky Rule of Civil Procedure.

## I.  RELEVANT FACTUAL AND PROCEDURAL HISTORY

On September 8, 2015, following a McCracken County jury trial, Nance was convicted of first-degree burglary, second-degree wanton endangerment, being a convicted felon in possession of a handgun, and being a first-degree persistent felony offender.  The conviction arose from events occurring the morning of November 13, 2014.  That morning, Nance entered Maranda Williams' (Williams) home uninvited with handguns and engaged in an altercation with Williams, DeAnthony Woods (DeAnthony), and Javiel Winston (Javiel).  Once the police arrived, the lead investigator interviewed each witness and audio-recorded the interactions.  The witnesses also wrote statements of that morning's events.

At trial almost a year later, the Commonwealth called Williams, DeAnthony, and Javiel to testify.  All three witnesses were uncooperative and claimed they could not recall the details of the morning in question.  On the stand, the witnesses read portions of their written statements and interview transcripts from the morning of the incident to refresh their memories; however, even after reading the statements, the witnesses still could not recall the details of the incident.  To develop the testimony, the Commonwealth played audio recordings of the interviews, read statements from the interview transcripts, and directly asked

the witnesses whether they made certain statements. After deliberation, the jury found Nance guilty of the crimes alleged.

Nance directly appealed his conviction to the Kentucky Supreme Court and claimed the circuit court erred when it allowed some of the Commonwealth's trial tactics.[2] *Nance v. Commonwealth*, No. 2016-SC-000027-MR, 2017 WL 3634582 (Ky. Aug. 24, 2017). The Kentucky Supreme Court disagreed with Nance's claims and affirmed his conviction, in relevant part,[3] finding the Commonwealth's trial tactics were appropriate because the witnesses were uncooperative, did not want to testify, and were not able to recall the incident details. *Id.*

In 2018, Nance filed an RCr[4] 11.42 motion claiming ineffective assistance of counsel. The circuit court denied the motion because it found the claims were either refuted by the record or were conclusory. This Court affirmed. *Nance v. Commonwealth*, No. 2018-CA-001245-MR, 2020 WL 2609981 (Ky. App. May 22, 2020).

---

[2] Nance argued the circuit court erred when it allowed (1) the jury to hear the interview audio, (2) the witnesses to read from the transcripts, and (3) the Commonwealth to ask leading questions.

[3] The Kentucky Supreme Court reversed and remanded only on the restitution issue.

[4] Kentucky Rules of Criminal Procedure.

-3-

Then, in 2019, DeAnthony and Javiel signed affidavits claiming that they fabricated the statements given to police on the morning of the incident because DeAnthony was mad at Nance. Williams, however, did not provide a similar affidavit of recantation.

Finally, Nance filed a CR 60.02 motion to vacate judgment of conviction based on DeAnthony's and Javiel's affidavits. The circuit court denied Nance's motion because it found the motion (1) was not timely under CR 60.02(b) and (f); and (2) did not meet the high threshold of CR 60.02. This appeal followed.

## II. STANDARD OF REVIEW

We review the denial of a CR 60.02 motion using an abuse of discretion standard. *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996). "The test for abuse of discretion is whether the trial court's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). An appellate court will affirm the lower court's decision absent a "flagrant miscarriage of justice." *Foley v. Commonwealth*, 425 S.W.3d 880, 885 (Ky. 2014).

## III. TIMELINESS

Nance brought his CR 60.02 motion under subsections (b) and (f), claiming that it is based upon newly discovered evidence that is of an extraordinary

nature and could not have been discovered within one year of his conviction. First, we consider the timeliness of these claims. CR 60.02 provides in relevant part:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds . . . *(b)* newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02 . . . or *(f)* any other reason of an extraordinary nature justifying relief. *The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken.* A motion under this rule does not affect the finality of a judgment or suspend its operation.

(Emphasis added.)

### (A) CR 60.02(b)

Subsection (b) requires a movant to file a motion "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.* Nance argues that the one-year period should start when Nance was informed of the first affidavit; however, this Court has made it clear that the one-year period begins on the date of the final judgment. *Kirksey v. Commonwealth*, 592 S.W.3d 324, 327 (Ky. App. 2019). This Court held that when a movant specifies CR 60.02(b) as a ground for relief, movant is "required to bring his motion 'not more than one year' after judgment" was entered. *Id.* (citation omitted). In *Kirksey*, the court entered judgment against the movant on December 20, 2012, and he filed his CR 60.02 motion three-

and-a-half years later, on July 20, 2016. *Id.* This Court found his motion was "untimely and therefore time-barred." *Id.*

Here, the circuit court entered Nance's judgment in 2015, Nance was informed of the first affidavit on July 23, 2019, and Nance filed his motion citing DeAnthony's and Javiel's affidavits on July 22, 2020. Nance argues that because he filed the motion a year after he was informed of the first affidavit, the motion meets the one-year requirement.[5] However, that is not the rule.[6] Instead, the one-year period begins on the date of the final judgment,[7] which was in 2015. Here, the circuit court explained that because Nance filed his motion five years after his final judgment was entered, he did not meet the one-year period required and was therefore untimely under subsection (b). We agree.

### (B) CR 60.02(f)

Next, we consider the motion under subsection (f), which requires filing within a "reasonable time." CR 60.02(f). A circuit court may decide whether the movant filed the motion within a "reasonable time" based on the record in the case alone and need not hold a hearing to make such determination.

---

[5] Despite this argument, Nance acknowledged the affidavits were time-barred under CR 60.02(c), which has the same time constraint as his new argument under CR 60.02(b).

[6] "Relief may be granted under CR 60.02(b) for any newly discovered evidence by which due diligence could not have discovered in time to move for a new trial *and* within one year after judgment." *Stoker v. Commonwealth*, 289 S.W.3d 592, 596 (Ky. App. 2009) (citing CR 60.02 and *McQueen v. Commonwealth*, 948 S.W.2d 415, 417 (Ky. 1997)).

[7] *Id. See also Kirksey*, 592 S.W.3d at 327.

*Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983). Further, the trial court may consider "whether the passage of time between judgment and motion was reasonable in light of the fading memories of witnesses." *Stoker*, 289 S.W.3d at 596. In *Gross*, the Kentucky Supreme Court upheld the circuit court's decision that "five years was not a reasonable time" because the circuit court based the decision on the record. *Gross*, 648 S.W.2d at 858. The Kentucky Supreme Court went on to emphasize that an appellate court should respect the trial court's exercise of discretion. *Id.*

Here, the circuit court determined Nance did not file his motion within a "reasonable time." The circuit court based this finding on the record, citing the five-year passage of time between judgment and motion. The circuit court also noted that the recanting witnesses testified at trial (only one year after the incident) that they could not remember the details of the incident because it was so long ago. Now, five years later, they claim to remember the details of the incident. The circuit court determined this passage of time was not reasonable–especially in light of the witnesses' difficulty remembering details at trial–and denied the motion. We agree.

## IV.  CONFLICTING WITNESS STATEMENTS

Even if Nance filed the motion on time, which the circuit court concluded he did not, the circuit court still determined the motion should be denied because it does not meet the requisite CR 60.02 threshold.

The threshold to grant a CR 60.02 motion is high.  *Harris v. Commonwealth*, 296 S.W.2d 700, 702 (Ky. 1956).  A court may grant a CR 60.02 motion to set aside a criminal judgment "only in extraordinary and emergency cases where the showing made is of such a conclusive character as to indicate the verdict most probably would not have been rendered and there is a strong probability of a miscarriage of justice."  *Id.*

Recanted testimony claims under CR 60.02–what Nance claims here–have an even higher threshold.  *Thacker v. Commonwealth*, 453 S.W.2d 566, 568 (Ky. 1970).  Kentucky caselaw makes clear "that it is not enough merely to show that a prosecuting witness has subsequently made contradictory statements or that he is willing to swear that his testimony upon the trial was false, for his later oath is no more binding than his former one."  *Anderson v. Buchanan*, 168 S.W.2d 48, 53 (Ky. 1943).  Although DeAnthony and Javiel now swear "the story was made up," Kentucky's highest court has made it clear, time and again, that mere recantation is not enough to vacate a conviction or grant a new trial:

> [T]here are special rules for situations of recanted testimony.  The general rules are that recanting testimony

is viewed with suspicion; mere recantation of testimony does not alone require the granting of a new trial; only in extraordinary and unusual circumstances will a new trial be granted because of recanting statements; such statements will form the basis for a new trial only when the court is satisfied of their truth; *the trial judge is in the best position to make the determination because he has observed the witnesses and can often discern and assay the incidents, the influences and the motive that prompted the recantation; and [the] rejection of the recanting testimony will not lightly be set aside by an appellate court.*

*Thacker*, 453 S.W.2d at 568 (emphasis added).

Recently, the Kentucky Supreme Court again emphasized this rule. *Commonwealth v. Crumes*, 630 S.W.3d 630 (Ky. 2021). Like here, the circuit court in *Crumes* denied the movant's CR 60.02 motion for reasons including (1) the witness's new testimony declaring appellant's innocence was not credible; and (2) the other evidence at trial was sufficient to support the jury's verdict even without that witness's testimony. *Id.* at 643. There, the Kentucky Supreme Court upheld the circuit court's decision because it found the circuit court's reasoning constituted substantial evidence and therefore it did not abuse its discretion. *Id.* at 648.

Here, synonymously, the circuit court considered the evidence and determined (1) the affidavits were not credible because they contradicted the initial written statements and the evidence at trial; and (2) there was other evidence (most importantly Williams' testimony) that implicated Nance and was sufficient to

-9-

convict him without the other witnesses' statements. Like in *Crumes*, the circuit court based the decision on substantial evidence and therefore did not abuse its discretion.[8]

## V. HEARING

Lastly, we consider the circuit court's decision to deny Nance's motion without a hearing. "A movant is not entitled to a hearing on a CR 60.02 motion unless he affirmatively alleges facts which, if true, justify vacating the judgment and further allege[s] special circumstances that justify CR 60.02 relief." *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (internal quotation marks omitted). As discussed, the circuit court considered the record and its observations during trial and found that even if the facts alleged in the affidavits were true, it would not justify relief because Williams' testimony still stands. The jury heard Williams' testimony during trial–not just DeAnthony's and Javiel's–and Williams did not recant her testimony. For this reason, the circuit court concluded that Nance had failed to show that his new evidence, even if true, "would have probably resulted in a different outcome at trial." *Crumes*, 630 S.W.3d at 646. Since the circuit court determined that the affidavits, even if true, would not

---

[8] "The record shows clearly that the trial court gave [the witness]'s original testimony and all post-conviction testimony careful consideration." *Crumes*, 630 S.W.3d at 648.

compel relief under CR 60.02, there was no need for it to conduct an evidentiary hearing.

This Court may set aside the circuit court's findings only if those findings are clearly erroneous, "i.e., whether . . . the findings are supported by substantial evidence." *Moore v. Asente*, 110 S.W.3d 336, 353-54 (Ky. 2003). Here, as discussed, the circuit court's findings are supported by substantial evidence, which it thoroughly cites in its order. Therefore, its findings are not clearly erroneous and must be upheld.

## VI. CONCLUSION

The McCracken Circuit Court committed no error in denying Nance's CR 60.02 motion without a hearing. We therefore AFFIRM.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Whitney Wallace
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky