RENDERED: FEBRUARY 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0583-MR

SIMEON MCKINNIE                                                          APPELLANT

v.
APPEAL FROM KENTON CIRCUIT COURT
HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 15-CR-00199-001

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CALDWELL AND GOODWINE, JUDGES.

GOODWINE, JUDGE: Simeon McKinnie ("McKinnie") appeals a Kenton Circuit Court order denying his motion to alter, amend, or vacate his conviction under RCr[1] 11.42 and for an evidentiary hearing. After careful review, finding no error, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

The Supreme Court of Kentucky summarized the facts of the case as

follows:

On January 21, 2015, Simeon McKinnie sought to obtain a half-pound of marijuana. He contacted Matthew Bowling, who then contacted David Abney. Abney, in turn, contacted Ronald Hudson, who he knew sold marijuana. The next day, Abney met with Bowling, and the two went to pick up McKinnie on Holman Street in Covington. McKinnie was unexpectedly accompanied by DeLaun Hayes. The four – Abney, Bowling, McKinnie, and Hayes – traveled together from Holman Street en route to Hudson's house on Hand's Pike.

In the meantime and unbeknownst to Abney and Bowling, McKinnie had another plan. He had contacted Charles Knox prior to joining Abney and Bowling. McKinnie asked Knox to give him a ride to obtain marijuana; however, McKinnie never intended to ride with Knox, rather, he intended for Knox to follow him to Hudson's. Knox, not owning a car, contacted Tara Little, who agreed to drive Knox to the drug deal in exchange for gas money. When Knox and Little arrived at Hayes's house to pick up McKinnie, he was not there. Instead, McKinnie's step-brother, John Palmer, got in the car and said McKinnie was in a truck around the corner. Confused, Knox called McKinnie, who told him to follow the truck.

Both vehicles made their way to Hudson's house. Along the way, Little's vehicle was separated from Bowling's, and Hayes called Knox to see where he was. Hayes told Knox they would wait for him at a Speedway gas station on Madison Avenue; McKinnie told Bowling to stop at the gas station so he could get something to drink. After Little's vehicle caught up to Bowling's, the two vehicles continued to Hudson's.

-2-

When the group arrived at Hudson's house, Bowling parked in the driveway, while Little parked on a side street and waited with her engine running. McKinnie and Hayes told Abney that they wanted to see the marijuana before they bought it. Abney, not wanting to bring someone new into Hudson's home, went inside alone and brought a small amount of the marijuana out to McKinnie and Hayes. The two then told Abney that they wanted to see the entire amount weighed. Abney conveyed this information to Hudson, who told Abney to take McKinnie and Hayes to the garage, where he would meet them.

Abney, Bowling, McKinnie, and Hayes got out of the car and headed into Hudson's garage. After they entered, Hayes asked again to look at the marijuana. Hudson gave him the bag and then asked if "the deal was going to go down." Hayes responded, "Yeah, but it's going to go down like this" and both Hayes and McKinnie pulled out pistols. Abney then lunged for Hayes, attempting to knock the marijuana and gun from his hand. While it is clear from witness testimony that both Hayes and McKinnie fired their pistols, it is unclear who shot whom. Ultimately, however, both Abney and Hudson were shot, and Hudson died of his wounds.

After the shots were fired, McKinnie took the marijuana, and he and Hayes ran from the garage. The two ran to Little's car, and the group drove to Hayes's grandmother's house, where McKinnie, Hayes, Palmer, and Knox divided up the marijuana, and McKinnie and Hayes disposed of their pistols. McKinnie was charged with first-degree manslaughter, first-degree assault, and two counts of first-degree robbery, and these proceedings commenced.

*McKinnie v. Commonwealth*, No. 2016-SC-000348-MR, 2017 WL 2591810, at \*1-

2 (Ky. Jun. 15, 2017) (footnotes omitted).

-3-

McKinnie's jury trial began on April 19, 2016. A jury found him guilty of first-degree manslaughter, principal, or accomplice; first-degree assault, principal or accomplice; and two counts of first-degree robbery. The jury recommended a total sentence of 55 years, which the circuit court imposed. The Kentucky Supreme Court affirmed McKinnie's conviction on direct appeal. *Id.*

On May 1, 2018, McKinnie filed a *pro se* motion to vacate conviction and sentence under CR[2] 60.02(f), arguing a new affidavit by Knox recanting his trial testimony was of such extraordinary nature that it justified relief. The circuit court denied the motion finding the motion was "factually a CR 60.02(c) motion" and was untimely. Record ("R.") at 531. The court also found Knox's affidavit was "not sufficient or specific enough to determine" if Knox's affidavit or new testimony was truthful. *Id.* McKinnie did not appeal this order.

On May 8, 2019, McKinnie filed *pro se* motions to vacate, set aside, or correct sentence under RCr 11.42, for an evidentiary hearing, to proceed *in forma pauperis*, and for appointment of counsel. He raised three issues: (1) trial counsel should have moved to dismiss the assault charge because it was a double jeopardy violation when charged along with robbery;[3] (2) trial counsel's failure to investigate his case, specifically that counsel failed to elicit testimony from his

_____

[2] Kentucky Rules of Civil Procedure.

[3] McKinnie did not raise the double jeopardy issue on appeal.

-4-

codefendants that comported with his theory of the case; and (3) trial counsel was ineffective for failing to obtain a qualified expert under *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The Commonwealth filed a timely response in opposition to the motion, and McKinnie timely replied.

On April 22, 2021, the circuit court entered an order denying McKinnie's motion.[4] First, the circuit court found the Kentucky Supreme Court addressed McKinnie's double jeopardy argument on direct appeal. Further, counsel was not ineffective for failing to move to dismiss the assault charge as constituting double jeopardy when charged along with robbery because these are two separate charges. Second, regarding trial counsel's failure to investigate his case, the circuit court found McKinnie's argument lacked specific facts and trial counsel zealously advocated for McKinnie. Third, the circuit court found trial counsel brought forth a potential witness to testify to show gunshot wounds inflicted on the victims only came from one gun, but the circuit court found the testimony did not meet the standards of *Daubert*. The circuit court found an evidentiary hearing was not required because the allegations could be resolved on the face of the record. This appeal followed.

---

[4] The record does not indicate the reason for delay in ruling on the motion.

On appeal, McKinnie argues: (1) trial counsel was ineffective for failing to move to dismiss the assault charge and failing to elicit favorable testimony from Knox and Hayes; (2) the circuit court went outside the bounds of RCr 11.42 by making findings outside the record; and (3) the circuit court erred in denying his request for an evidentiary hearing.

"We review the trial court's denial of an RCr 11.42 motion for an abuse of discretion." *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

A successful claim of ineffective assistance of counsel must survive the twin prongs of "performance" and "prejudice." *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), *accord Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984). To show prejudice, the defendant must show there is a reasonable probability that, but for counsel's

> unprofessional errors, the result of the proceeding would have been different. A reasonable probability is [a] probability sufficient to undermine the confidence in the outcome. *Id.* at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 695.

*Bowling v. Commonwealth*, 80 S.W.3d 405, 411-12 (Ky. 2002). "The burden is on the movant to establish convincingly that he has been deprived of some substantial right which would justify the extraordinary relief afforded by post-conviction proceedings." *Hodge v. Commonwealth*, 116 S.W.3d 463, 468 (Ky. 2003), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009) (citing *Dorton v. Commonwealth*, 433 S.W.2d 117 (Ky. 1968)).

First, McKinnie argues trial counsel was ineffective for failing to move to dismiss the assault charge and failing to elicit favorable testimony from Knox and Hayes. McKinnie abandoned the double jeopardy violation aspect of this argument on appeal. He now simply argues counsel failed to move for dismissal of first-degree assault. This precise argument is unpreserved and refuted by the video record.

After the Commonwealth rested its case-in-chief and after the close of all evidence, trial counsel moved for a directed verdict on all counts, including first-degree assault. The circuit court found the Commonwealth presented sufficient evidence to overcome the motion. During closing argument, trial counsel instructed the jury they could return not guilty verdicts for McKinnie on all

charges, including assault and argued McKinnie did not assault either of the victims. As counsel did what McKinnie argues he failed to do, he fails to prove deficient performance.

McKinnie also argues counsel was ineffective in failing to elicit testimony from Knox and Hayes at trial that McKinnie did not possess or shoot anyone during the incident. In support of this argument, McKinnie attached affidavits by Knox and Hayes recanting their trial testimony. At trial, both Knox and Hayes testified McKinnie had a gun. In his affidavit, Knox stated he did not see anyone with a gun, and McKinnie did not go to Hayes's house to split the marijuana. Hayes's affidavit stated he did not see McKinnie shoot anyone and did not see him with a gun during or after the incident.

The circuit court denied McKinnie's argument finding trial counsel zealously attempted to obtain statements from Knox and Hayes supporting McKinnie's position that he did not possess or fire a gun during the incident. Trial counsel moved to compel production of statements by Knox and Hayes to police, which the circuit court denied. Trial counsel also moved to exclude the testimony of Knox and Hayes at trial, which the circuit court denied. Additionally, the circuit court noted it previously addressed the effect of recanted testimony in its order denying McKinnie's CR 60.02 motion.

"Affidavits in which witnesses recant their testimony are quite naturally regarded with great distrust and usually given very little weight." *Hensley v. Commonwealth*, 488 S.W.2d 338, 339 (Ky. 1972) (citing *Thacker v. Commonwealth*, 453 S.W.2d 566 (Ky. 1970)). "[T]he trial judge is in the best position to make the determination because he has observed the witnesses and can often discern and assay the incidents, the influences and the motives that prompted the recantation; and his rejection of the recanting testimony will not lightly be set aside by an appellate court." *Thacker*, 453 S.W.2d at 568. The circuit court weighed the recanted testimony and was unpersuaded by it. We will not set aside the circuit court's decision to disregard Knox's and Hayes's recanted testimony.

Additionally, the circuit court pointed out that because McKinnie was found guilty of first-degree assault as either principal or accomplice, it was not necessary for the jury to find that he possessed or shot the gun in order to find him guilty. Thus, McKinnie failed to meet his burden of proving trial counsel was ineffective.

Second, McKinnie argues the circuit court went outside the bounds of RCr 11.42 in making findings outside the record. Above, we held the circuit court did not err in its findings or conclusions denying McKinnie's ineffective assistance of counsel claims. These findings were based on evidence in the record. Thus, we hold this unsupported argument lacks merit.

Finally, McKinnie argues the circuit court erred in denying his request for an evidentiary hearing. A trial court is not required to hold an evidentiary hearing on a motion under RCr 11.42. *Stanford v. Commonwealth*, 854 S.W.2d 742, 743 (Ky. 1993). "An evidentiary hearing is not necessary to consider issues already refuted by the record in the trial court. Conclusory allegations which are not supported with specific facts do not justify an evidentiary hearing because RCr 11.42 does not require a hearing to serve the function of discovery." *Hodge*, 116 S.W.3d at 468 (citation omitted). Based on our review of McKinnie's ineffective assistance of counsel claims, they were refuted by the record. Thus, the circuit court correctly denied McKinnie's motion for an evidentiary hearing.

For the foregoing reasons, we affirm the order of the Kenton Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Darrell Cox
Noah P. Wentz
Covington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Solicitor General

Brett R. Nolan
Principal Deputy Solicitor General

Rachel A. Wright
Assistant Solicitor General
Frankfort, Kentucky